**2024-2226**

IN THE
# United States Court of Appeals for the Federal Circuit

VDPP, LLC,

*Plaintiff-Appellant*

v.

VOLKSWAGEN GROUP OF AMERICA, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the Southern District of Texas in Case No. 4:23-cv-02961, Judge Lee H. Rosenthal.

## DEFENDANT-APPELLEE'S RESPONSE BRIEF

Elliot C. Cook
Daniel C. Tucker
Joseph M. Schaffner
Taylor L. Stark
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700

*Counsel for Defendant-Appellee*

# PATENT CLAIM AT ISSUE

2. An apparatus comprising:

a storage adapted to:

store one or more image frames; and

a processor adapted to:

obtain a first image from a first video stream;

obtain a second image from a second video stream, wherein the first image is different from the second image;

stitch together the first image and the second image to generate a stitched image frame;

generate a first modified image frame by removing a first portion of the stitched image frame;

generate a second modified image frame by removing a second portion of the stitched image frame;

generate a third modified image frame by removing a third portion of the stitched image frame;

wherein the first modified image frame, the second modified image frame, and the third modified image frame are different from each other;

identify a bridge frame;

blend the first modified image frame with the bridge frame to generate a first blended frame;

blend the second modified image frame with the bridge frame to generate a second blended frame;

blend the third modified image frame with the bridge frame to generate a third blended frame;

overlay the first blended frame, the second blended frame, and the third blended frame to generate a combined frame;

display the combined frame.

Appx0078-0079 (46:42-47:4).

# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF INTEREST</u>

**Case Number** <u>2024-2226</u>

**Short Case Caption** <u>VDPP, LLC v. Volkswagen Group of America, Inc.</u>

**Filing Party/Entity** <u>Volkswagen Group of America, Inc.</u>

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: <u>February 26, 2025</u>     Signature:     <u>/s/ Elliot C. Cook</u>

Name:       <u>Elliot C. Cook</u>

i

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. |
| ☐ None/Not Applicable | ☒ None/Not Applicable | ☐ None/Not Applicable |
| Volkswagen Group of America, Inc. | | Volkswagen AG |
| | | Volkswagen International America Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable     ☐ Additional pages attached

| | | |
|---|---|---|
| Thomas C. Trent<br>Trent & Taylor, LLP | | |
| | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)     ☒ No     ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☒ None/Not Applicable     ☐ Additional pages attached

| | | |
|---|---|---|
| | | |

**TABLE OF CONTENTS**

**Page**

STATEMENT OF RELATED CASES ................................................................ xvii

JURISDICTIONAL STATEMENT ....................................................................1

I.   PRELIMINARY STATEMENT...................................................................2

II.  STATEMENT OF THE ISSUES...............................................................2

III. STATEMENT OF THE CASE....................................................................3

    A.   VDPP Knew Its Claims Were Impossible Early in the Case......................3

    B.   Volkswagen's Motion to Dismiss and VDPP's Leave to Amend ..............4

    C.   VDPP Served Erroneous Initial Disclosures and Falsely Represented It Had No Settlement Agreements ................................................................6

    D.   VDPP Pressed Unsupported Marking Positions at Oral Argument.............7

    E.   VDPP Twice Served Discovery Requests Despite a Stay .........................8

    F.   VDPP Repeatedly Demanded a Nuisance-Value Settlement .....................8

    G.   The District Court Dismissed VDPP's Complaint with Prejudice .............8

    H.   Volkswagen Sought Attorneys' Fees ........................................................9

    I.   VDPP Moved Under Rule 59(e) on Rehashed, Forfeited, and Flawed Arguments ............................................................................................9

    J.   VDPP Opposed Volkswagen's Attorneys' Fees Motion on the Same and Additional Faulty Arguments ..........................................................10

    K.   The District Court Denied VDPP's Rule 59 Motion, Found the Case Exceptional, and Awarded Volkswagen Attorneys' Fees.........................11

IV.  SUMMARY OF THE ARGUMENT ........................................................12

V.   ARGUMENT ...........................................................................................13

    A.   Standards of Review...............................................................................13

    B.   The District Court Did Not Abuse Its Discretion in Denying VDPP Leave to File Its Futile Proposed Amended Complaint............................15

        1.   VDPP's PAC Does Not Allege Plausible Facts on Marking.............16

            a.   VDPP's PAC is facially insufficient ...........................................16

            b.   Undisputed facts make VDPP's allegations implausible ............18

2. None of VDPP's Manifold Arguments Show Error in the District Court's Judgment .......................................................................20

    a. VDPP had and took its chance to amend by submitting a proposed amended complaint with futile allegations ..................21

    b. The subjective beliefs of VDPP's licensees are irrelevant when VDPP maintains the licensed products infringe ................24

    c. The '452 patent has no method claims ........................................27

    d. Marking is not an affirmative defense and must be pled .............28

    e. VDPP downplays its representations of infringement to raise irrelevant questions ...................................................................29

    f. Volkswagen did not "sandbag" VDPP with VDPP's evidence by raising marking issues early and often ....................................30

    g. Courts may adjudicate marking at the pleadings stage ................32

    h. The district court did not impose evidentiary obligations on VDPP during dismissal .............................................................33

    i. The district court's dismissal was not a sanction ........................34

C. The District Court Did Not Abuse Its Discretion in Finding This Case Exceptional Under 35 U.S.C. § 285 ............................................................35

  1. The District Court Supported Its Findings on Substantive Weakness and Litigation Misconduct ................................................35

  2. VDPP's Quibbles Do Not Show Error in the District Court's Exceptionality Determination .........................................................40

    a. VDPP misstates the legal standard for exceptional cases ...........40

    b. VDPP's unjustified reliance on Dr. Karpf confirms VDPP failed to conduct an adequate pre-suit investigation ...................41

    c. VDPP's allusions to irrelevant rules do not show error ..............43

    d. The district court did not err in criticizing VDPP's pervasive errors and sloppiness ................................................................45

    e. The district court did not err in finding VDPP's Rule 59 motion improper ......................................................................48

    f. The district court correctly considered VDPP's nuisance-value settlement demands and other cases ...................................49

    g. None of VDPP's other arguments has merit ..............................52

D.  VDPP Lacks Standing to Challenge the District Court's Sanctions Against Counsel, and Its Arguments Are Forfeited and Wrong ................53

    1.  VDPP, the Sole Appellant, Lacks Standing to Challenge the Sanctions Against Counsel ................53

    2.  VDPP's Sanction Arguments Are Forfeited ................55

    3.  VDPP Shows No Error in the Sanctions Against Counsel ................56

        a.  The district court did not sanction counsel under § 285 ................56

        b.  The district court amply supported its § 1927 sanction ................57

        c.  The district court properly attributed liability for all Volkswagen's fees to Mr. Ramey ................59

        d.  No Fifth Circuit authority discourages assigning § 1927 liability for Mr. Ramey's conduct ................60

        e.  VDPP does not challenge the inherent power sanction ................61

VI. CONCLUSION ................63

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Agee v. Paramount Commc'ns, Inc.*,
114 F.3d 395 (2d Cir. 1997) ..................................................................55

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
6 F.3d 1523 (Fed. Cir. 1993) ...............................................................27

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
24 F.3d 178 (Fed. Cir. 1994) ...............................................................24

*Anthony v. Abbott*,
304 F. App'x 66 (3rd Cir. 2008) ...........................................................53

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017) ..................................................... passim

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
950 F.3d 860 (Fed. Cir. 2020) ....................................................... passim

*Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*,
29 F.4th 226 (5th Cir. 2022) .................................................................14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................... 17, 19, 33

*Banik v. Ybarra*,
805 F. App'x 266 (5th Cir. 2020) .........................................................59

*Batiste v. Lewis*,
976 F.3d 493 (5th Cir. 2020) ................................................................55

*Bayer CropScience AG v. Dow AgroSciences LLC*,
851 F.3d 1302 (Fed. Cir. 2017) ..................................................... passim

*Bayer Healthcare LLC v. Baxalta Inc.*,
989 F.3d 964 (Fed. Cir. 2021) ..............................................................36

*BelAir Elecs., Inc. v. Twelve S., LLC*,
No. 2:22-cv-04443, 2023 WL 6388810 (D.S.C. Sept. 29, 2023) ........................17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .........................................................................................17

*Ben E. Keith Co. v. Dining All., Inc.*,
80 F.4th 695 (5th Cir. 2023) ..................................................................... 15, 61

*Blackbird Tech LLC v. Argento SC By Sicura, Inc.*,
No. 21cv11018, 2022 WL 3701084 (S.D.N.Y. Aug. 26, 2022) ..........................18

*Blackbird Tech LLC v. Health In Motion LLC*,
944 F.3d 910 (Fed. Cir. 2019) ..................................................................... passim

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ..................................................................... passim

*Briddle v. Scott*,
63 F.3d 364 (5th Cir. 1995) ............................................................................28

*Carroll v. Jaques Admiralty L. Firm, P.C.*,
110 F.3d 290 (5th Cir. 1997) ..........................................................................15

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
No. 11-1175, 2014 WL 4675002 (D. Del. Sept. 12, 2014) ...............................30

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) .........................................................................................15

*Clark v. Mortenson*,
93 F. App'x 643 (5th Cir. 2004) ................................................................. 52, 59

*ClearValue, Inc. v. Pearl River Polymers, Inc.*,
560 F.3d 1291 (Fed. Cir. 2009) ................................................................. 44, 45

*CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*,
916 F.3d 1350 (Fed. Cir. 2019) ......................................................................28

*Cordova v. Univ. Hosp. & Clinics, Inc.*,
92 F.4th 266 (5th Cir. 2024)...........................................................................61

*CTC Imps. & Exps. v. Nigerian Petrol. Corp.*,
951 F.2d 573 (3d Cir. 1991) ...................................................... 54, 55

*DeLoach v. Woodley*,
405 F.2d 496 (5th Cir. 1968) ...........................................................23

*Deutsch v. Phil's Icehouse, Inc.*,
716 F. App'x 361 (5th Cir. 2018)......................................................63

*Dragon Intell. Prop. LLC v. DISH Network LLC*,
101 F.4th 1366 (Fed. Cir. 2024) ................................................ 59, 60

*Dunlap v. Schofield*,
152 U.S. 244 (1894) .................................................................. 16, 28

*EMG Tech., LLC v. Vanguard Grp., Inc.*,
No. 6:12-cv-543, 2014 WL 12597427 (E.D. Tex. May 12, 2014)........................29

*Energy Heating, LLC v. Heat On-The-Fly, LLC*,
889 F.3d 1291 (Fed. Cir. 2018) ........................................................14

*Eon-Net LP v. Flagstar Bancorp*,
653 F.3d 1314 (Fed. Cir. 2011) ................................................. passim

*Est. of Bishop v. Bechtel Power Corp.*,
905 F.2d 1272 (9th Cir. 1990)...........................................................53

*Freeman v. Cont'l Gin Co.*,
381 F.2d 459 (5th Cir. 1967) ...........................................................22

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
582 F.3d 1288 (Fed. Cir. 2009) ......................................... 21, 24, 56

*Funk v. Stryker Corp.*,
631 F.3d 777 (5th Cir. 2011) ...........................................................31

*Gabrielli v. McDonough*,
No. 2022-1505, 2024 WL 2968937 (Fed. Cir. June 13, 2024) ................... 54, 55

*Garcia v. Wash*,
20 F.3d 608 (5th Cir. 1994) ............................................................55

*Gate Guard Servs., LP v. Perez*,
792 F.3d 554 (5th Cir. 2015)................................................................61

*Glob.-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011) ...........................................................................36

*Goldstein v. MCI WorldCom*,
340 F.3d 238 (5th Cir. 2003) ....................................................... 22, 24

*Gonzalez v. Fresenius Med. Care N. Am.*,
689 F.3d 470 (5th Cir. 2012) ........................................... 31, 47, 50, 58

*Gonzalez-Koeneke v. West*,
791 F.3d 801 (7th Cir. 2015)................................................................35

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*,
530 U.S. 1 (2000) ...............................................................................25

*Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*,
572 U.S. 559 (2014) ...........................................................................14

*Howley v. Bankers Standard Ins. Co.*,
No. 3:19-CV-2477, 2021 WL 913290 (N.D. Tex. Mar. 10, 2021).....................22

*In re Deepwater Horizon*,
934 F.3d 434 (5th Cir. 2019)................................................................19

*In re Gillig*,
807 F. Supp. 2d 604 (N.D. Tex. 2011)...................................................43

*In re PersonalWeb Techs. LLC*,
85 F.4th 1148 (Fed. Cir. 2023)..................................................... passim

*In re PersonalWeb Techs. LLC*,
961 F.3d 1365 (Fed. Cir. 2020)............................................................29

*In re Rembrandt Techs. LP Pat. Litig.*,
899 F.3d 1254 (Fed. Cir. 2018).............................................................44

*In re Rodriguez*,
695 F.3d 360 (5th Cir. 2012)................................................................48

*In re Sealed Appellant*,
194 F.3d 666 (5th Cir. 1999) ......................................................... 15, 61

*In re Shah*,
203 F. App'x 557 (5th Cir. 2006)......................................................58

*In re Yarn Processing Pat. Validity Litig. (No. II)*,
602 F. Supp. 159 (W.D.N.C. 1984)...................................................26

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
876 F.3d 1372 (Fed. Cir. 2017).........................................................39

*Julien v. Zeringue*,
864 F.2d 1572 (Fed. Cir. 1989) ...................................................... 31, 52

*Kearns v. Gen. Motors Corp.*,
94 F.3d 1553 (Fed. Cir. 1996) ..........................................................28

*Laitram Corp. v. NEC Corp.*,
No. 89-1571, 1996 WL 365663 (E.D. La. July 1, 1996) .....................26

*Lane v. Guar. Bank*,
552 F. App'x 934 (11th Cir. 2014)....................................................35

*Lans v. Digit. Equip. Corp.*,
252 F.3d 1320 (Fed. Cir. 2001) ................................................. passim

*Lubby Holdings LLC v. Chung*,
11 F.4th 1355 (Fed. Cir. 2021).........................................................24

*Maerki v. Wilson*,
128 F.3d 1005 (6th Cir. 1997)..........................................................55

*Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*,
751 F.3d 368 (5th Cir. 2014).............................................................23

*Mathews v. Eldridge*,
424 U.S. 319 (1976) .........................................................................32

*Maxwell v. J. Baker, Inc.*,
86 F.3d 1098 (Fed. Cir. 1996) ...................................................... 26, 32

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
851 F.3d 1275 (Fed. Cir. 2017) ........................................................29

*Moench v. Marquette Transp. Co. Gulf-Inland*,
838 F.3d 586 (5th Cir. 2016) ............................................................62

*Morrison v. Walker*,
939 F.3d 633 (5th Cir. 2019) ..................................................... 14, 56

*Murchison Cap. Partners, LP v. Nuance Commc'ns, Inc.*,
625 F. App'x 617 (5th Cir. 2015) .....................................................31

*NASCO, Inc. v. Calcasieu Television & Radio, Inc.*,
894 F.2d 696 (5th Cir. 1990) ...................................................... 15, 61

*Nix v. Whiteside*,
475 U.S. 157 (1986) .........................................................................43

*Norris v. Hearst Tr.*,
500 F.3d 454 (5th Cir. 2007) ...................................................... 19, 31

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
572 U.S. 545 (2014) ......................................................... 35, 40, 44, 46

*Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*,
No. 3:23-CV-00791-N, 2023 WL 7184042 (N.D. Tex. Nov. 1, 2023) ...............29

*Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*,
No. 3:23-CV-00791-N, 2024 WL 815553 (N.D. Tex. Feb. 27, 2024) ...............51

*Oto v. Metro. Life Ins. Co.*,
224 F.3d 601 (7th Cir. 2000) ...................................................... 48, 49

*Ottah v. Fiat Chrysler*,
884 F.3d 1135 (Fed. Cir. 2018) .......................................................17

*Packet Intel. LLC v. NetScout Sys., Inc.*,
965 F.3d 1299 (Fed. Cir. 2020) .......................................................18

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*,
575 F.2d 1152 (6th Cir. 1978) .........................................................45

*Papasan v. Allain*,
478 U.S. 265 (1986) ..................................................................17

*Park-In-Theatres, Inc. v. Perkins*,
190 F.2d 137 (9th Cir. 1951) ............................................ 40, 41

*Payne v. Univ. of S. Miss.*,
681 F. App'x 384 (5th Cir. 2017)...........................................55

*Penda Corp. v. United States*,
44 F.3d 967 (Fed. Cir. 1994) ..................................................53

*Pequignot v. Solo Cup Co.*,
608 F.3d 1356 (Fed. Cir. 2010)...............................................24

*Phonometrics, Inc. v. Westin Hotel Co.*,
350 F.3d 1242 (Fed. Cir. 2003) ........................................ 58, 59

*PS Prods. Inc. v. Panther Trading Co.*,
122 F.4th 893 (Fed. Cir. 2024)......................................... 49, 59

*Ratliff v. Stewart*,
508 F.3d 225 (5th Cir. 2007).................................................58

*Realtime Adaptive Streaming, LLC v. Sling TV, LLC*,
113 F.4th 1348 (Fed. Cir. 2024)....................................... 47, 48

*Reed v. Great Lakes Cos.*,
330 F.3d 931 (7th Cir. 2003).................................................55

*Rosenzweig v. Azurix Corp.*,
332 F.3d 854 (5th Cir. 2003) ........................................... 22, 34

*Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*,
858 F.3d 1383 (Fed. Cir. 2017)..................................... 44, 50, 51

*Rude v. Wescott*,
130 U.S. 152 (1888) ....................................................... 45, 62

*SAS Inst., Inc. v. Iancu*,
584 U.S. 357 (2018) ..............................................................25

*Scheve v. Moody Found.*,
264 F.3d 1141 (5th Cir. 2001).....................................................60

*Schiller v. Physicians Res. Grp. Inc.*,
342 F.3d 563 (5th Cir. 2003)............................................. 27, 28

*SFA Sys., LLC v. Newegg Inc.*,
793 F.3d 1344 (Fed. Cir. 2015).................................................49

*Simmons v. Sabine River Auth. La.*,
732 F.3d 469 (5th Cir. 2013)....................................................23

*Smith v. EMC Corp.*,
393 F.3d 590 (5th Cir. 2004)........................................ 27, 28, 48

*Stone Basket Innovations, LLC v. Cook Med. LLC*,
892 F.3d 1175 (Fed. Cir. 2018).................................................47

*Stripling v. Jordan Prod. Co.*,
234 F.3d 863 (5th Cir. 2000)....................................................14

*Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*,
862 F.2d 1564 (Fed. Cir. 1988).................................................45

*Templet v. HydroChem Inc.*,
367 F.3d 473 (5th Cir. 2004)............................................. 27, 48

*Terra Partners v. Rabo Agrifinance, Inc.*,
504 F. App'x 288 (5th Cir. 2012)..............................................61

*Thermolife Int'l LLC v. GNC Corp.*,
922 F.3d 1347 (Fed. Cir. 2019)........................................ passim

*Tights, Inc. v. Kayser-Roth Corp.*,
442 F. Supp. 159 (M.D.N.C. 1977).........................................45

*Torres v. Oakland Scavenger Co.*,
487 U.S. 312 (1988) ................................................................54

*TransCore, LP v. Elec. Transaction Consultants Corp.*,
563 F.3d 1271 (Fed. Cir. 2009)........................................ 26, 29

*Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*,
   38 F.3d 1414 (5th Cir. 1994)..................................................................59

*Twenty Mile Joint Venture, PND, Ltd. v. C.I.R.*,
   200 F.3d 1268 (10th Cir. 1999)...........................................................54

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
   No. C 10-3724, 2013 WL 4456161 (N.D. Cal. Aug. 16, 2013)...........................25

*Vaughan v. Lewisville Indep. Sch. Dist.*,
   62 F.4th 199 (5th Cir. 2023).................................................... 56, 57, 58, 60

*Vielma v. Eureka Co.*,
   218 F.3d 458 (5th Cir. 2000)...................................................... 27, 28, 48

*W. Heritage Ins. Co. v. Robertson*,
   224 F.3d 764 (Table), 2000 WL 992178 (5th Cir. 2000)............................. 58, 62

*Walker v. City of Bogalusa*,
   168 F.3d 237 (5th Cir. 1999)..................................................................60

*Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co.*,
   297 U.S. 387 (1936) ...........................................................................23

*WPEM, LLC v. SOTI Inc.*,
   837 F. App'x 773 (Fed. Cir. 2020)............................................... 39, 42

*Xiaohua Huang v. Huawei Techs. Co.*,
   735 F. App'x 715 (Fed. Cir. 2018)...........................................................48

**Statutes**

28 U.S.C. § 1927 .................................................................... passim

35 U.S.C. § 101 ..........................................................................4, 48

35 U.S.C. § 285 ..................................................................... passim

35 U.S.C. § 286 ...............................................................................25

35 U.S.C. § 287 ..................................................................... passim

**Rules**

Fed. R. App. P. 3 ........................................................................... 54, 55

Fed. R. App. P. 4 .................................................................................54

Fed. R. Civ. P. 11 ........................................................................ 43, 44

Fed. R. Civ. P. 12 ........................................................................ 31, 35

Fed. R. Civ. P. 15 ...............................................................................22

Fed. R. Civ. P. 16 ...............................................................................37

Fed. R. Civ. P. 37 ...............................................................................44

Fed. R. Civ. P. 59 ....................................................................... passim

S.D. Tex. L.R. 7.5 ...............................................................................32

**Other Authorities**

BLACK'S LAW DICTIONARY (12th ed. 2024) ........................................61

Fed. R. App. P. 3 Committee Note to 1993 Amendments.......................55

## STATEMENT OF RELATED CASES

No appeal in or from Case No. 4:23-cv-02961 in the United States District Court for the Southern District of Texas has previously come before this or any other appellate court.

Counsel for Volkswagen is unaware of any other case that will directly affect or be directly affected by this appeal under Fed. Cir. R. 47.5.

# JURISDICTIONAL STATEMENT

As discussed below, this Court does not have jurisdiction to consider VDPP's appeal of the district court's order sanctioning counsel under 28 U.S.C. § 1927 and its inherent power. *See* § V.D.1, *infra*. Counsel did not timely notice an appeal naming himself as an appellant to that order. *Id.*

## I.     PRELIMINARY STATEMENT

This case was anything but normal. From start to finish, VDPP and its counsel made this lawsuit stand out. They failed to investigate facts, pressed unreasonable positions, disregarded court orders and rationales, "lied," and committed innumerable careless errors. And despite all warnings, they stayed their course, refusing to acknowledge this case had no future.

The district court saw this case for what it was. It rejected VDPP's attempts to avoid controlling precedent with "irrelevant" diversions. It supported its rulings with thorough analyses of the record and caselaw. It properly dismissed VDPP's claims and found the case exceptional, and nothing in VDPP's brief discredits these judgments. The Court should affirm.

## II.     STATEMENT OF THE ISSUES

1. Did the district court abuse its discretion by denying VDPP leave to file a futile amended complaint when VDPP's own statements in federal pleadings made its proposed amendment not just implausible, but impossible?

2. Did the district court abuse its discretion in awarding attorneys' fees against VDPP under 35 U.S.C. § 285 when VDPP and its counsel did not conduct an adequate pre-suit investigation, filed a "frivolous" lawsuit, sought impossible relief, violated discovery obligations, litigated in a reckless manner, "lied" about

2

case-dispositive evidence, demanded nuisance-level settlements, and presented unreasonable post-dismissal requests?

3. May this Court review the district court's sanctions against counsel under 28 U.S.C. § 1927 and its inherent power when VDPP has no standing to challenge those sanctions, and counsel did not appeal on his own behalf? If so, given the above facts, did the district court abuse its discretion in sanctioning counsel?

## III.   STATEMENT OF THE CASE

VDPP's factual recitations (BB3-7) omit relevant facts and misstate others. Volkswagen presents this Statement to correct those errors.

### A.   VDPP Knew Its Claims Were Impossible Early in the Case

VDPP initiated this lawsuit in August 2023 by asserting expired U.S. Patent No. 9,426,452 ("the '452 patent"). Appx0013-0014, Appx0085. The Complaint was flawed from the outset. For one, it demanded a "permanent injunction" and "damages for future infringement" of an expired patent. Appx0089 (§ V.f). For another, it raised impossible indirect and willful infringement claims without alleging Volkswagen knew of the patent before expiration. Appx0087-0089 (¶¶ 10-11, § V.e-f); *see* Appx0150-0151, Appx0157. Similarly unavailable were pre-suit damages based on actual notice of the patent. Appx0146-0147, Appx0155-0157.

The central issue was thus whether VDPP could obtain pre-suit damages through constructive notice under the marking statute, 35 U.S.C. § 287(a).

Appx0018-0019, Appx0951. VDPP's Complaint did not plead marking compliance. Despite the '452 patent containing only apparatus and system claims (Appx0078-0079 (46:18-47:8)), and despite pleadings in other '452 cases referencing licenses (*e.g.*, Appx0148), VDPP's Complaint never mentioned marking (Appx0085-0089).

In September 2023, Volkswagen sent VDPP an eight-page letter detailing the Complaint's flaws. Appx0155-0162. The letter presented relevant marking law (Appx0155-0157), identified VDPP's licensed products by name (Appx0156), and explained why pre-suit damages were unrecoverable (Appx0155-0157). It also discussed the impossibility of prospective relief (*id.*), the '452 patent's ineligibility under 35 U.S.C. § 101 (Appx0158-0161), and VDPP's misattribution of a Toyota location in a different district to Volkswagen (Appx0161-0162). Volkswagen asked VDPP to dismiss the Complaint to avoid unnecessary briefing. Appx0162.

VDPP responded to Volkswagen's letter only after several reminders. *See* Appx1000-1002. Its response lacked hallmarks of an attorney-drafted letter. It was formatted in input-output terms, with identifiers (e.g., "[A-01]") incrementing each response. Appx0164-0165. It never addressed marking or VDPP's licenses. *Id.*

**B.    Volkswagen's Motion to Dismiss and VDPP's Leave to Amend**

VDPP's silence forced Volkswagen to seek dismissal. Appx0136-0152. Volkswagen's motion focused on marking (Appx0146-0150), the impossibility of other relief (Appx0150-0151), and VDPP's venue-related errors (Appx0151-0152).

Volkswagen identified VDPP's licensed products, citing pleadings memorializing VDPP's claims and settlements. Appx0148. To streamline matters, Volkswagen did not discuss VDPP's flawed infringement theories or patent ineligibility.

VDPP sought an extension to respond. Appx1662. Volkswagen did not oppose, provided VDPP did not amend its Complaint in lieu of responding. *Id.* VDPP agreed. Appx1664.

In its response, VDPP argued only that § 287 did not apply because VDPP was a nonpracticing entity ("NPE"). Appx0182. VDPP never addressed marking by its licensees, offering only an unfinished sentence:

> Damages are not limited unless there are tangible articles of the plaintiff that can be marked.5   Plaintiff does not make or sell a patented article and therefore need not comply with Section 287.  Further, Defendant admits Plaintiff has never sold a product.6  Defendant's argument is novel however it has produced no evidence of a patent license for the sale of a product or that any potential

*Id.* VDPP supported its Complaint with nothing more. Appx0182-0183.

VDPP also sought leave to file an attached proposed amended complaint ("PAC"). Appx0183, Appx0186-0190. Like the Complaint, VDPP's PAC did not allege compliance with § 287. Appx0186-0190. Instead, it presented conclusory statements alleging only that VDPP was an NPE who "pled all statutory requirements" and met "all conditions" for recovery. Appx0186. The PAC also repeated VDPP's requests for a "permanent injunction," "future" damages, and

indirect infringement liability. Appx0189-0190 (¶ 11, § VI.e). VDPP did not explain

how the PAC satisfied § 287, instead presenting another unfinished sentence:

> Specifically, Plaintiff eliminated allegations of willful and indirect infringement. In addition, Plaintiff amended its allegations to reflect Defendant's state of incorporation and its regular and established place of business, both of which were contained in Defendant's Motion. Finally, Plaintiff added

Appx0183. In reply, Volkswagen reiterated how the PAC was futile given VDPP's

public pleadings. Appx0254-0259.

### C. VDPP Served Erroneous Initial Disclosures and Falsely Represented It Had No Settlement Agreements

VDPP's initial disclosures were similarly beset with problems. Appx1010-

1015. They identified the wrong plaintiff (Wireless Discovery LLC), addressed

unasserted patents, and failed to identify relevant settlement agreements (Appx1010-

1014) despite a court order requiring their disclosure (Appx0099 ¶ 1(f)). VDPP

promised to produce such agreements, "if any exist[ed]," later. Appx1014. When

Volkswagen reminded VDPP of the court's order (Appx1019-1022), VDPP denied

any agreements existed:

> As of this time we have no settlement agreements to disclose. We have agreements in principle and will update once we have final, signed agreements.

Appx1019.

This statement was false. After Volkswagen again reminded VDPP of its prior litigations (Appx1017-1018), VDPP produced eleven settlement agreements licensing the '452 patent (Appx1006-1008). VDPP executed each agreement before it filed its Complaint. Appx1030-1178. Seven were signed by VDPP's President, Ronald S. Karpf. Appx1092, Appx1102, Appx1109, Appx1113, Appx1138, Appx1151, Appx1178.

No agreement required VDPP's licensees to mark. Appx0006, Appx1030-1178. One expressly repudiated this obligation. Appx1070 (§ 6.15).

**D. VDPP Pressed Unsupported Marking Positions at Oral Argument**

The district court held a hearing on Volkswagen's motion. Appx0930-0943. VDPP's counsel did not attend until Volkswagen's counsel called them several times. Appx0933-0934 (4:1-5:12). Once VDPP arrived, Volkswagen argued VDPP's Complaint should be dismissed with prejudice because it and the PAC failed to plead marking compliance. Appx0937-0939 (8:10-10:15).

VDPP claimed NPEs have no duty to mark under § 287 and that its licensees never conceded infringement. Appx0939-0940 (10:19-11:12).[1] Volkswagen explained this Court's precedent requires licensees to mark. Appx0940-0941 (11:16-12:25). VDPP's pleadings failed to account for its prior representations. *Id.*

---

[1] Appx0940 mistakenly identifies VDPP's counsel as "THE COURT."

**E. VDPP Twice Served Discovery Requests Despite a Stay**

The district court stayed discovery by joint agreement. Appx0942 (13:2-10). Nonetheless, weeks later, VDPP errantly served discovery requests. Appx1195, Appx1199-1207, Appx1209-1226. Though VDPP acknowledged error (Appx0982), it again served inert requests—separately signed and dated—two days afterward (Appx1228, Appx1230-1237, Appx1239-1256).

**F. VDPP Repeatedly Demanded a Nuisance-Value Settlement**

Throughout the litigation, VDPP sought a nuisance-value settlement. Before Volkswagen's letter, VDPP demanded $49,000. Appx0957-0958. VDPP reduced this demand to $29,000 after the hearing, threatening to raise it once the court ruled on Volkswagen's motion. Appx1006. On March 21, 2024, VDPP repeated its $29,000 offer and threat. Appx1261.

**G. The District Court Dismissed VDPP's Complaint with Prejudice**

The district court thereafter dismissed VDPP's Complaint with prejudice. Appx0013-0024. It found VDPP's Complaint and PAC did not sufficiently plead compliance with § 287. Appx0020-0024. VDPP could not ignore known licensees by alleging only that, as an NPE, it need not mark. *Id.* Nor did the '452 patent have marking-exempt method claims to assert. Appx0019. Because VDPP never gave Volkswagen actual notice before VDPP sued, VDPP could not recover pre-suit damages. Appx0020-0021. Future relief on an expired patent was similarly

unrecoverable. *Id.* Dismissal was thus warranted. Appx0021-0022. The court denied

VDPP leave to amend, as its PAC was futile. Appx0020, Appx0023-0024.

### H. Volkswagen Sought Attorneys' Fees

Volkswagen moved for attorneys' fees under 35 U.S.C. § 285, 28 U.S.C.

§ 1927, and the court's inherent authority. Appx0944-0970. Among other things,

Volkswagen discussed VDPP's failure to investigate its settlement agreements, false

representation no agreements existed, failure to address marking, impossible

allegations, and carelessness throughout the case. Appx0949-0958, Appx0960-0963.

Volkswagen also highlighted VDPP's nuisance-value demands, pattern of quick

settlements, and need for deterrence. Appx0963-0966.

### I. VDPP Moved Under Rule 59(e) on Rehashed, Forfeited, and Flawed Arguments

VDPP moved under Federal Rule of Civil Procedure 59(e) to amend the

judgment. Appx1268-1281. VDPP rehashed the sufficiency of its PAC (Appx1274-

1275) and raised several new arguments. It contended marking is a factual issue

precluding dismissal (Appx1275-1276), its licensees may not make patented articles

(Appx1276-1278), and marking "policy" is antithetical to settling cases (Appx1278-

1280). It also asked to assert a new patent. Appx1280. VDPP supported these new

theories with inapposite law, a misquoted Supreme Court case, and three letters

VDPP sent six days before filing the motion. Appx1278-1280, Appx1494-1502.

Volkswagen explained (Appx1419-1439) how VDPP's motion relitigated settled matters, relied on irrelevant evidence, flouted precedent, sought impermissible relief, and presented forfeited arguments. *See* Appx1425-1426, Appx1428-1439. VDPP could not plausibly allege marking compliance given its prior representations and licenses omitting marking obligations. *See* Appx1425-1426, Appx1428-1431, Appx1433-1437.

## J. VDPP Opposed Volkswagen's Attorneys' Fees Motion on the Same and Additional Faulty Arguments

VDPP opposed Volkswagen's fees motion (Appx1451-1475) by repeating—and often copying outright—its Rule 59 arguments (Appx1461-1469). VDPP admitted its original Complaint did not comply with § 287 but accused Volkswagen of increasing costs by asking VDPP to dismiss. Appx1455-1456, Appx1460, Appx1463. VDPP blamed Volkswagen for "creating a narrative" (Appx1459-1461) and touted the clarity of VDPP's irrelevant infringement contentions referencing OpenAI (Appx0093, Appx0250 (citing https://chat.openai.com/)).

VDPP admitted Dr. Karpf inaccurately denied its licenses existed yet proffered a declaration from him failing to address the misstatement. Appx1460-1461, Appx1508-1509. VDPP acknowledged counsel was unaware of the agreements while preparing initial disclosures (Appx1460-1461), confirming no early investigation occurred. It objected to references to other cases involving the '452 patent and counsel and VDPP's nuisance demands. Appx1469-1473.

10

Volkswagen highlighted the redundancy of VDPP's brief and explained how VDPP did not address Volkswagen's arguments. Appx1533-1535. Volkswagen then addressed VDPP's opposition point-by-point. *See* Appx1519-1543.

**K.    The District Court Denied VDPP's Rule 59 Motion, Found the Case Exceptional, and Awarded Volkswagen Attorneys' Fees**

The district court denied VDPP's Rule 59 motion, found the case exceptional, awarded Volkswagen attorneys' fees, and sanctioned VDPP's counsel under § 1927 and its inherent power. Appx0005-0011. To the court, VDPP had not shown dismissal was manifestly incorrect. Courts may resolve § 287 on the pleadings, it ruled, and the PAC's allegations on marking compliance were "wholly conclusory," implausible, and otherwise futile. Appx0006-0008.

On exceptionality, the court found this case stood out on substance and how VDPP litigated. Appx0008-0010. The court enumerated a long yet "partial list of the flaws in VDPP's claims" and conduct. Appx0005-0007. VDPP and counsel took "frivolous and objectively unreasonable" positions (Appx0008-0009), "doubl[ed] down" on "offensive" positions "after Volkswagen exposed their flaws" (Appx0007), "prolonged the litigation" with "false statements" (Appx0009), and repeatedly "made sloppy errors" that made the case "cumbersome and difficult to handle" (*id.*). *See also* Appx0001-0004.

The court also found VDPP "lie[d]" about its licenses, seven of which Dr. Karpf signed. Appx0006. That counsel was unaware of these licenses, the court

11

ruled, "meant either that VDPP did not do any meaningful presuit investigation, or that VDPP knowingly asserted claims that had no merit." *Id.* The court also disapproved of Dr. Karpf's silence on his alleged statements, imputed by counsel, that no such licenses existed. *Id.*

Relevant too were VDPP's "repeated settlement demands far less than the costs of defense and unrelated to any damages theory." Appx0009-0010. The court noted VDPP's frequent filing and early settlement of '452 patent cases accusing diverse technologies. Appx0010. It saw a need to deter VDPP and counsel, particularly when counsel engaged in similar exceptional conduct in other cases. *Id.*

The parties submitted briefing quantifying Volkswagen's fees. Appx0002-0004, Appx0010-0011. The court awarded $207,543.60, as discounted by Volkswagen. *See* Appx0001-0004. While VDPP sought to limit fees to "exceptional portion[s]" (Appx0001), the district court found "[t]he entire case" exceptional (Appx0002). "VDPP's misconduct infected the entire litigation," it held, and VDPP showed "chutzpah" and "some nerve in asking th[e] court to relieve it of the consequences of its own misconduct." Appx0004.

## IV. SUMMARY OF THE ARGUMENT

The district court did not abuse its discretion in denying VDPP leave to file its futile PAC, awarding Volkswagen attorneys' fees, and sanctioning counsel. Nothing in VDPP's brief warrants disturbing the district court's judgment.

The district court correctly found VDPP's PAC facially futile and factually impossible. VDPP's unsupported arguments on appeal do not overcome its failure to plausibly plead marking compliance under § 287.

The district court also found ample facts supporting its § 285 ruling. To the court, this case stood out in its substantive weakness and how VDPP litigated. VDPP and its counsel failed to conduct an adequate pre-suit investigation, made false statements on case-dispositive evidence, pursued frivolous claims, and demanded nuisance-level settlements. VDPP does not meaningfully challenge these findings on appeal, instead raising non sequiturs and authority supporting Volkswagen.

Finally, VDPP lacks standing to challenge the court's sanctions of counsel under § 1927 and its inherent power. Nor may counsel challenge the sanctions, as he did not timely appeal. Even if considered, the above findings well support the court's discretion. VDPP's brief elides key findings and lodges flawed apportionment arguments it never presented before. The Court should affirm.

## V.    ARGUMENT

### A.    Standards of Review

This Court applies regional circuit law in reviewing a district court's procedural decisions, including rulings on leave to amend. *E.g.*, *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1357 (Fed. Cir. 2021). The Fifth Circuit reviews a district court's denial of leave to amend for abuse of discretion. *Ariyan, Inc. v. Sewerage &*

*Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022). When denial rests on futility, the Fifth Circuit applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)). Under this standard, a district court may deny leave to amend when the amended complaint would be subject to dismissal. *Id.*

The Court reviews a district court's decision to award attorneys' fees under 35 U.S.C. § 285 for an abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014). A district court abuses its discretion when it bases its ruling on a clearly erroneous view of the law, facts, or weighing of factors. *In re PersonalWeb Techs. LLC*, 85 F.4th 1148, 1153 (Fed. Cir. 2023). This Court "give[s] great deference to the district court's exercise of discretion in awarding fees." *Id.* (quoting *Energy Heating, LLC v. Heat On-The-Fly, LLC*, 889 F.3d 1291, 1307 (Fed. Cir. 2018)).

Sanctions under 28 U.S.C. § 1927 are reviewed for abuse of discretion. *Morrison v. Walker*, 939 F.3d 633, 637 (5th Cir. 2019). This statute forbids attorneys from "multipl[ying] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Liability under § 1927 may arise from "persistent prosecution of a meritless claim" or "reckless disregard of the duty owed to the court." *Morrison*, 939 F.3d at 637-38 (citation omitted).

Inherent power sanctions are also reviewed for abuse of discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991); *Carroll v. Jaques Admiralty L. Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997). Such sanctions arise from conduct amounting to bad faith or abusing the judicial process. *E.g.*, *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 701 (5th Cir. 1990), *aff'd*, *Chambers*, 501 U.S. 32 (1991); *In re Sealed Appellant*, 194 F.3d 666, 671 (5th Cir. 1999); *Ben E. Keith Co. v. Dining All., Inc.*, 80 F.4th 695, 702 (5th Cir. 2023). This finding may be explicit or inferred. *See, e.g.*, *Sealed Appellant*, 194 F.3d at 671.

**B.     The District Court Did Not Abuse Its Discretion in Denying VDPP Leave to File Its Futile Proposed Amended Complaint**

The dismissal issue before the Court is narrow. VDPP's Complaint and PAC assert only an apparatus claim of an expired patent without prior notice. Appx0013-0014, Appx0021-0022. Injunctive and post-suit relief are thus unavailable, as are pre-suit damages based on actual notice. *See Lans v. Digit. Equip. Corp.*, 252 F.3d 1320, 1327-28 (Fed. Cir. 2001). VDPP's appeal turns on whether it complied with the constructive notice provisions of 35 U.S.C. § 287.

VDPP agrees the district court properly dismissed its original Complaint for failing to allege marking compliance. *See* Appx1463 ("Plaintiff does admit that its original complaint did not plead compliance [with § 287] and therefore cannot stand without amendment."). The only remaining issue is whether the district court erred in finding VDPP's PAC futile. *See* Appx0018-0024. The court did not err.

**1. VDPP's PAC Does Not Allege Plausible Facts on Marking**

VDPP's PAC contains just three sentences on marking, none plausibly pleading compliance with § 287:

> Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met.

Appx0186. The district court correctly found these allegations futile. *See* Appx0020-0024. They do not sufficiently allege compliance with § 287, and VDPP's arguments make them impossible.

**a. VDPP's PAC is facially insufficient**

VDPP's first sentence is incomplete. While *VDPP* may have no products to mark, this omits "patented article[s]" of *others* that must be marked. 35 U.S.C. § 287(a). The marking requirement applies to all products practicing a patent, including those made by licensees. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*") ("A patentee's licensees must also comply with § 287."); *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017) ("*Arctic Cat I*"). It is VDPP's burden to plead this compliance. *See Arctic Cat II*, 950 F.3d at 864-65; *Arctic Cat I*, 876 F.3d at 1366 ("The patentee bears the burden of pleading . . . he complied with § 287(a)'s marking requirement." (citing *Dunlap v. Schofield*, 152 U.S. 244, 248 (1894))). It "does not excuse [VDPP]'s lack of marking that it is

[VDPP]'s licensee, rather than [VDPP] itself, who sold unmarked products." *Arctic Cat II*, 950 F.3d at 864.

In this case, VDPP's PAC neither mentions licensees nor asserts no patented articles exist. Appx0186. It just refers to VDPP's NPE status generally. *Id.* This incomplete allegation does not satisfy VDPP's burden to plead compliance with § 287. *See Lans*, 252 F.3d at 1328 (affirming dismissal for lack of marking compliance); *see also Bot M8*, 4 F.4th at 1355 (omitted factual allegations warrant dismissal); *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141-42 (Fed. Cir. 2018) (same). The district court properly found so here. Appx0005-0008; Appx0020-0024.

The PAC's next two sentences (Appx0186) state broad legal conclusions with no factual underpinning (Appx0008). It is difficult to imagine a statement more conclusory than one alleging a plaintiff met "all statutory requirements" and "all conditions precedent to recovery." Appx0186. These bare legal conclusions are not well-pled facts a court must accept as true. *E.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("[Courts] are not bound to accept as true a legal conclusion couched as a factual allegation."). Indeed, district courts have rejected narrower allegations in the marking context. *See BelAir Elecs., Inc. v. Twelve S., LLC*, No. 2:22-cv-04443, 2023 WL 6388810, at *7 (D.S.C. Sept. 29, 2023) (dismissing complaint alleging plaintiff "complied with the provisions of 35 U.S.C.

17

§ 287" to "the extent required by law" (citation omitted)); *Blackbird Tech LLC v. Argento SC By Sicura, Inc.*, No. 21cv11018, 2022 WL 3701084, at \*2 (S.D.N.Y. Aug. 26, 2022) (rejecting "[a]ll marking requirements under 35 U.S.C. § 287 have been complied with" (alteration in original)).

VDPP's conclusory claim does not even identify the requirements it contends it met. VDPP just generically asserts it satisfied "all" possible conditions. Appx0186. As the district court found, this is not enough. Appx0008; Appx0020-0024.

### b. Undisputed facts make VDPP's allegations implausible

Beyond the facial problems with VDPP's PAC, VDPP's prior pleadings make its claims factually implausible. For this additional reason, the district court properly found VDPP's PAC futile. Appx0020-0024.

VDPP previously asserted the '452 patent against several products, including Facebook's Portal, Acer's Liquid Smartphones and Iconia One tablets, and TTE's Alcatel phone and tablets. *E.g.*, Appx0148 (citing litigations), Appx0020. In those pleadings, VDPP represented these products practice claim 2 of the '452 patent. Appx0289-0291, Appx0309-0311, Appx0676-0678. VDPP resolved each case by public settlement. Appx0298-0300, Appx0666-0667, Appx0912-0914. This makes the products patented articles for § 287 purposes. *See Packet Intel. LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1313 (Fed. Cir. 2020) (patented articles "practice at least

one claim of the [asserted] patent"); *Arctic Cat II*, 950 F.3d at 863 ("practice the claimed invention"); *Arctic Cat I*, 876 F.3d at 1367-69.

The district court properly took judicial notice of these filings (Appx0020). *See, e.g.*, *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019); *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). VDPP never contested this notice. *See* Appx0255-0256, Appx1436, Appx1520.

Given these representations, VDPP's PAC does not state a plausible claim for relief. Patented articles must be marked to provide constructive notice. 35 U.S.C. § 287(a); *Arctic Cat II*, 950 F.3d at 864; *Arctic Cat I*, 876 F.3d at 1366. But VDPP's PAC never addresses these products. It does not state whether these products are marked, what steps VDPP took to ensure compliance, or how VDPP can satisfy § 287 given its prior statements. Appx0186. VDPP's silence on the subject—both in district court and on appeal—does not make out a plausible case for recovery. Appx0009. It is not enough to make allegations "merely consistent with" liability as a "sheer possibility." *Iqbal*, 556 U.S. at 678-79 (citation omitted). VDPP's claims must be plausible for the facts of its case. *Bot M8*, 4 F.4th at 1353-55.

Indeed, VDPP's representations make its claims *impossible*. VDPP maintains the previously accused products infringe the '452 patent. BB25 (admitting "VDPP believes there was infringement"). But VDPP elsewhere admits those products are

unmarked. *See* BB49 ("[N]one of the Defendants would have marked a product because to do so would be false marking."); Appx1279 (similar).

These concessions end the analysis. By VDPP's admission, patented articles exist that do not mark the '452 patent. VDPP thus cannot satisfy the constructive notice provisions of § 287. *See Lans*, 252 F.3d at 1327-28; *Arctic Cat II*, 950 F.3d at 865-67 (no pre-complaint damages for lack of marking). And because VDPP did not provide Volkswagen actual notice of the '452 patent before it expired, no relief may be granted. *Lans*, 252 F.3d at 1328. Here, just as in *Lans*, dismissal is appropriate:

> Because [VDPP]'s licensees did not mark their products and because [VDPP] did not inform [Volkswagen] of infringement before expiration of the ['452] patent, § 287(a) prevents [VDPP] from collecting damages from [Volkswagen]. Moreover, the district court cannot enjoin [Volkswagen] from infringing an expired patent. Thus, the district court correctly ruled that [VDPP] has not stated a claim on which relief may be granted.

*Id. Lans*'s reasoning dispenses with this case. *See* Appx0021-0022.

### 2. None of VDPP's Manifold Arguments Show Error in the District Court's Judgment

Attempting to find error in the district court's judgment, VDPP raises assorted objections scattered among other issues. *See* BB14-18, BB22-31, BB37-38, BB48-53. These arguments suffer from two principal problems. First, VDPP never raised

most to the court before dismissal.[2] *See* Appx0182-0183. This forfeits them on appeal. *E.g.*, *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 582 F.3d 1288, 1296 (Fed. Cir. 2009) (omitted and skeletal arguments forfeited). Second, none makes VDPP's claims plausible.

### a. VDPP had and took its chance to amend by submitting a proposed amended complaint with futile allegations

Consider first VDPP's recurring complaint that it had no opportunity to amend. *See* BB14-16 ("If provided a chance to amend"), BB18 ("If provided an opportunity to amend"), BB23 ("If allowed to amend"), BB27 ("[W]ithout being provided the chance to amend"), BB38 (discussing "what would have been presented in an amended complaint"), BB51-53. Setting aside VDPP relinquished this option by choice (Appx1664), VDPP had this opportunity—and took it—when VDPP submitted its PAC to the district court. *See* BB47; Appx0186-0190.

There is thus no need to guess what VDPP's amendment "would have plead[ed]" or "would have cured." BB18, BB23-24, BB38, BB42. The Court can examine VDPP's PAC and make that assessment now. Appx0186-0190. The district court did and correctly found it futile. Appx0020-0024; *see* § V.B.1, *supra*.

---

[2] VDPP raised some of these arguments in later Rule 59 and fees briefing after dismissal. Appx1268-1280, Appx1451-1474. But VDPP does not appeal the court's denial of its Rule 59 motion (BB2-3), and after-arising arguments on *attorneys' fees* do not show error in a judgment *dismissing a complaint*. VDPP does not explain why it could not have raised these arguments sooner. *See* BB26.

VDPP's demand for more judicial "guidance" is likewise misplaced. BB15; *see also* BB44. A district court has "no obligation to rewrite a deficiently pleaded claim or complaint." *Howley v. Bankers Standard Ins. Co.*, No. 3:19-CV-2477, 2021 WL 913290, at *15 (N.D. Tex. Mar. 10, 2021), *aff'd*, No. 20-10940, 2022 WL 576403 (5th Cir. Feb. 25, 2022). Nor is it "obliged to advise [a litigant] of the weaknesses in its litigation position." *Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 916 (Fed. Cir. 2019). And it need not "allow itself to be imposed upon by the presentation of theories seriatim," particularly when plaintiffs ignore known problems and resort to conclusory statements. *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967); *see Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 865 (5th Cir. 2003); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003).

Here, VDPP knew about the licensee marking issue from Volkswagen's September 2023 letter and motion to dismiss. *See* Appx0146-0150, Appx0155-0157. VDPP dismisses this letter as "no substitute" for the district court's opinion (BB15, BB42), but the court disagreed (Appx0006). And despite these warnings, the PAC ignored VDPP's past representations and presented only sweeping legal conclusions. Appx0186; *see* Appx0008-0009, Appx0020-0024. VDPP's inability to confront its prior statements echoes on appeal.

The futility of VDPP's PAC makes the district court's discretion all the more sound. While Rule 15 favors granting leave (BB18), district courts need not give

leave to file futile complaints. *See, e.g.*, *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." (citation omitted)); *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013) ("[I]f a complaint as amended is subject to dismissal, leave to amend need not be given." (citation omitted)). This is so irrespective of the number of times a litigant has previously amended. *See DeLoach v. Woodley*, 405 F.2d 496, 496-97 (5th Cir. 1968) (affirming denial of leave to file first amended complaint as futile); *Simmons*, 732 F.3d at 477-78 (denying leave to file two variations of a first amended complaint for futility). The district court did not abuse its discretion by rejecting VDPP's futile PAC unsupported by further elaboration. Appx0183.

VDPP's only other nonforfeited position is that it "would have alleged" the same items already present in its PAC. *See* BB23-24 (copying Appx0186). These contentions fail for the reasons above. *See* § V.B.1, *supra*. VDPP cites *Wine* (BB26 n.94), but there "[n]either [the patentee] nor another with its consent ha[d] ever manufactured [patented articles]." *Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co.*, 297 U.S. 387, 393 (1936). VDPP's licensees did so here. *See* § V.B.1, *supra*; BB25. The PAC ignores these products, warranting dismissal. *Lans*, 252 F.3d at 1328.

The ensuing descriptions of what VDPP would have put into yet another complaint do not show error in the district court's judgment. As a threshold matter,

VDPP did not develop these arguments before dismissal. Appx0182-0183 (arguments), Appx0186-0190 (PAC). This forfeits them on appeal. *Fresenius*, 582 F.3d at 1296; *Goldstein*, 340 F.3d at 254-55 (affirming dismissal where plaintiff did not provide curative amendment). VDPP's theories also fare no better on substance.

### b. The subjective beliefs of VDPP's licensees are irrelevant when VDPP maintains the licensed products infringe

No authority supports VDPP's contention that the subjective beliefs of its licensees control the marking inquiry. *See* BB24-25 (arguing VDPP's licensees "did not agree that they were infringing"), BB30-31 (describing post-expiration letters on what licensees "believed"), BB57. The marking statute "focus[es] on the action of the patentee, not the knowledge or understanding of the infringer." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) (quoting *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994)). Here, VDPP admits its licensees' products infringe the '452 patent. BB25; Appx0289-0291, Appx0309-0311, Appx0676-0678. This makes them patented articles that must be marked. 35 U.S.C. § 287(a); *see* § V.B.1.b, *supra*. What VDPP's licensees may subjectively believe is immaterial. Appx0009.

Strange too is VDPP's reliance on irrelevant letters it purportedly sent licensees after the '452 patent expired. BB30-31. Such post-expiration conduct cannot show VDPP took "reasonable steps to ensure marking" (BB23-25) during the patent's life. *See Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1361 (Fed. Cir. 2010)

(article covered by expired patent should not be marked). VDPP says no licensee has responded that VDPP is "incorrect." BB30. But even if such a response were germane (it is not), VDPP cites no evidence any licensee responded *at all*.

VDPP cannot avoid this result with allusions to "policy" and hair-splitting over license classifications.[3] *See* BB24-25, BB48-50. What matters is the language of the statute. Appx0006; *see also SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 368 (2018) ("Policy arguments are properly addressed to Congress, not this Court."); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 13-14 (2000). Under § 287, VDPP's licensees must mark patented articles. *E.g.*, *Arctic Cat II*, 950 F.3d at 865-66; *Lans*, 252 F.3d at 1327-28. The time limitation on damages (BB25, BB50) just defines how far back in time these damages may reach. 35 U.S.C. § 286.

Nor do courts recognize the distinctions VDPP tries to draw between license types. *See* BB24-25, BB48-50. As the district court explained, § 287 applies to all settlement agreements, covenants not to sue, and other licenses. Appx0020-0021; *see also U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724, 2013 WL 4456161, at *8 (N.D. Cal. Aug. 16, 2013) (§ 287 applies "regardless of whether the authorizations are 'settlement agreements,' 'covenants not to sue' or 'licenses'" (quoting *In re Yarn Processing Pat. Validity Litig. (No. II)*, 602 F. Supp. 159, 169

---

[3] VDPP copied the policy arguments at BB49-50 almost verbatim from those the district court rejected (Appx0006). *See* Appx1278-1280, Appx1467-1468.

(W.D.N.C. 1984)); *Laitram Corp. v. NEC Corp.*, No. 89-1571, 1996 WL 365663, at *2 (E.D. La. July 1, 1996). This is because, as this Court recognizes, licenses are just covenants not to sue. *See TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1275-76 (Fed. Cir. 2009) (collecting cases). No matter how VDPP styles its licenses, the result is the same—VDPP has licensees, and licensees must mark. *Arctic Cat II*, 950 F.3d at 864; *Arctic Cat I*, 876 F.3d at 1366.

Worse still, VDPP's policy proposals lack good sense. BB24-25, BB48-50. The purpose of the marking statute is providing public notice. *See Arctic Cat I*, 876 F.3d at 1366. Parties may freely negotiate whether to abide by these obligations in their license agreements. Some licenses require marking. *See Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1112 (Fed. Cir. 1996). Some do not. *Arctic Cat II*, 950 F.3d at 864. But there are consequences to not marking. *Id.* at 865-66 ("[Plaintiff] never complied with the notice requirement of § 287 and thus cannot recover damages for any period prior to the filing of its complaint.").

The public receives no notice if § 287's scope hinges on hidden contract clauses or licensees' states of mind. BB25. This turns § 287 into a magic word test and mind-reading exercise. VDPP's proposed NPE exception to § 287—supported only by irrelevant damages cases and a blog post by VDPP's counsel posted after this appeal commenced—is no answer at all. BB49-50 & nn.183-187. Section 287 does not exist to help NPEs. It exists to help the public. *Arctic Cat I*, 876 F.3d at

1366. VDPP must comply with § 287 like everyone else, just as it admits it must. BB61 (conceding "NPEs are subject to the same rules as other parties").

### c. The '452 patent has no method claims

Also unsound is VDPP's refrain that a new complaint "would have limited its claims of infringement to method claims." BB24; BB26-27 (claiming "VDPP could assert method claims alone"). The '452 patent has no method claims. Appx0078-0079 (46:18-47:8). It claims only systems and apparatuses, which require marking. *E.g.*, *Arctic Cat II*, 950 F.3d at 864; *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538-59 (Fed. Cir. 1993). No matter what claim of the '452 patent VDPP asserted, the same marking problem endures.

To the extent VDPP refers to another patent first mentioned during post-dismissal briefing (BB26 n.98 (citing Appx1280), BB37-38), this too fails to show error. As the district court explained, Rule 59(e) motions cannot raise new arguments that could have been made before. Appx0007; *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004); *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 568-69 (5th Cir. 2003). This includes new causes of action asserting different patents. *See, e.g.*, *Smith v. EMC Corp.*, 393 F.3d 590, 598 (5th Cir. 2004) (affirming denial of leave to assert new cause of action); *Vielma v. Eureka Co.*, 218 F.3d 458, 468-69 (5th Cir. 2000) (affirming post-judgment denial of leave to add claims that

could have been raised earlier); *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996) (each patent is a distinct cause of action).

Here, the referenced patent issued in 2018, and VDPP could have asserted it in its original Complaint or PAC. Appx1285. VDPP did not do so. Appx0186-0190. The district court did not abuse its discretion in denying VDPP's post-dismissal request to start a new litigation with an old patent. *See Schiller*, 342 F.3d at 568-69; *Smith*, 393 F.3d at 598; *Vielma*, 218 F.3d at 468 ("[W]e have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." (quoting *Briddle v. Scott*, 63 F.3d 364, 379 (5th Cir. 1995))).

### d. Marking is not an affirmative defense and must be pled

Take next VDPP's observation that marking "is not an affirmative defense, but rather a limitation on damages." BB15-16, BB28-29. This just confirms Volkswagen's point. Plaintiffs need not rebut affirmative defenses in their complaints. *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1361-62 (Fed. Cir. 2019). But they must plead compliance with § 287. *E.g.*, *Dunlap*, 152 U.S. at 248; *Arctic Cat I*, 876 F.3d at 1366. VDPP admits this. *See* BB40-41 ("VDPP is required to plead compliance with § 287 . . . ."). And here—where a plaintiff asserts an apparatus claim of an expired patent with no pre-expiry notice— § 287 bars relief at the pleading stage. *See Lans*, 252 F.3d at 1328; § V.B.1, *supra*.

28

### e. VDPP downplays its representations of infringement to raise irrelevant questions

VDPP's musings on whether dismissals with prejudice alone trigger § 287 (BB16-18) are irrelevant to this appeal. What makes VDPP's PAC implausible is not just that VDPP *dismissed cases*—it is that VDPP *publicly licensed* products *practicing the '452 patent*. *See* Appx0020-0021; Appx0289-0291, Appx0309-0311, Appx0676-0678 (alleging infringement). VDPP's focus on the former does not address the latter. The PAC nowhere accounts for these licenses (Appx0186-0190), and VDPP's arguments confirm its claims are implausible (*see* § V.B.1.b, *supra*).

In any event, VDPP acknowledges dismissals with prejudice are effective licenses, making its attempted distinction meaningless. BB17; *see also Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*, No. 3:23-CV-00791-N, 2023 WL 7184042, at *3 (N.D. Tex. Nov. 1, 2023) ("[D]ismissals with prejudice of patent infringement claims function as the equivalent of a license."); *EMG Tech., LLC v. Vanguard Grp., Inc.*, No. 6:12-cv-543, 2014 WL 12597427, at *2 (E.D. Tex. May 12, 2014). Again, licenses are simply covenants not to sue. *E.g.*, *TransCore*, 563 F.3d at 1275-76. Dismissals with prejudice have the same effect. *Cf. In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1378 (Fed. Cir. 2020) (applying collateral estoppel to unqualified dismissal with prejudice); *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1299 (Fed. Cir. 2017) (infringement claims arise only after license terminates).

### f. Volkswagen did not "sandbag" VDPP with VDPP's evidence by raising marking issues early and often

Similarly unfounded is VDPP's insistence that Volkswagen "sandbagged" VDPP with its prior litigations and licenses. *See* BB17, BB30-31. One cannot "sandbag" others with their own evidence. By suing for patent infringement, VDPP was obliged to know the '452 patent's litigation and license history. *See, e.g.*, *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306-07 (Fed. Cir. 2017) (inadequate pre-suit investigation when party's licenses and evidence contradicted litigation arguments); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-1175, 2014 WL 4675002, at *3 (D. Del. Sept. 12, 2014), *aff'd*, 611 F. App'x 1008 (Fed. Cir. 2015). VDPP did not do so. Instead, VDPP discovered the '452 licenses only after Volkswagen repeatedly told VDPP about them. *See* § III.A-C, *supra*; Appx1017-1022.

VDPP also falsely claims Volkswagen first raised the '452 patent's prior cases "in its reply in support of its motion to dismiss." BB30. Not so. Volkswagen twice identified the '452 patent's record and patented articles—by name and case number—before VDPP's dismissal response. *See* Appx0156, Appx0148. VDPP's related claim that "Volkswagen failed to identify any alleged patented article for which Section 287(a) would apply" (BB24) is untrue for the same reason. Volkswagen warned VDPP—VDPP just ignored these warnings. *See* Appx0006.

VDPP strains to raise a due process concern by complaining its prior filings are "outside the original pleadings." BB27-28. But "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris*, 500 F.3d at 461 n.9. VDPP's pleadings are public records. *E.g.*, *Murchison Cap. Partners, LP v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) ("[B]ecause they are public records, we also take judicial notice of court pleadings in other cases." (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011))); *Norris*, 500 F.3d at 461 n.9. The district court properly noticed them. Appx0020.

Nothing about this offends due process. Volkswagen identified VDPP's patented articles in its dismissal motion (Appx0148), and VDPP responded (Appx0174). Volkswagen discussed VDPP's licenses in its fees motion (*e.g.*, Appx0953-0954, Appx0960), and VDPP again responded (Appx1451). VDPP submitted declarations and other evidence to make its case. *E.g.*, Appx1477-1479, Appx1495-1496, Appx1498-1499, Appx1501-1502, Appx1508-1509, Appx1510-1512. This is all due process requires. *See Julien v. Zeringue*, 864 F.2d 1572, 1575 (Fed. Cir. 1989) (upholding attorney sanction when attorney had notice of issues and provided written responses supported by affidavits); *Gonzalez v. Fresenius Med. Care N. Am.*, 689 F.3d 470, 481 (5th Cir. 2012) (affirming § 1927 sanction without hearing). VDPP received its "opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation

omitted). VDPP cites nothing—let alone a due process case—to the contrary. BB27-28, BB50-52. Indeed, VDPP did not even *ask* for a hearing under local rules. *See* S.D. Tex. L.R. 7.5; *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1357 (Fed. Cir. 2019) (no violation when "Plaintiffs did not request a hearing").

Finally, the district court did not, as VDPP suggests, consider the content of VDPP's licenses or its denial of their existence during dismissal. *See* BB17, BB27-28, BB35. Neither the court nor Volkswagen had the licenses at dismissal briefing. *See* Appx0020 (referring to licenses as "undisclosed"). Instead, the court analyzed them only during the fees stage. *See* Appx0006. The licenses confirmed the propriety of dismissal and fees, but they did not influence the court's dismissal judgment. Appx0020-0024.

### g. Courts may adjudicate marking at the pleadings stage

Citing *Maxwell*, VDPP next incorrectly argues courts cannot dismiss complaints on marking grounds because § 287 involves fact questions. *See* BB18, BB22-23, BB26, BB30-31, BB57. This is not *Maxwell*'s holding. In *Maxwell*, substantial evidence supported a jury verdict on marking compliance when a licensee marked over 95% of its covered products. *Maxwell*, 86 F.3d at 1112. *Maxwell* has nothing to do with sufficiency of pleadings.

More fundamentally, VDPP cites no authority for the extraordinary proposition that factual questions preclude motions to dismiss. All causes of action

involve factual matters. The question is whether a complaint alleges sufficient facts to make a claim plausible. *E.g.*, *Iqbal*, 556 U.S. at 678. And in *Lans*, this Court affirmed dismissal when a plaintiff failed to plausibly allege compliance with § 287. *Lans*, 252 F.3d 1327-28. Here, VDPP "admit[s] that its original complaint did not plead compliance" (Appx1463), and its PAC does not either (*see* § V.B.1, *supra*).

VDPP does not question *Lans*'s holding but quibbles whether VDPP's licensees produce patented articles. BB29-30, BB57-58. VDPP admits they do. *See* BB25; Appx0289-0291, Appx0309-0311, Appx0676-0678. The district court credited this admission. *See* Appx0020; § V.B.1.b, *supra*. VDPP cannot avoid its concession by relabeling its licenses "settlement licenses" and inventing an unsupported *sui generis* exception to § 287 whole cloth. *See* § V.B.2.b, *supra*.

### h. The district court did not impose evidentiary obligations on VDPP during dismissal

Another recurring flaw in VDPP's brief is the notion that VDPP had no chance to develop evidence under a rule of reason. *See* BB17 (claiming "VDPP could not develop any evidence"), BB23-24 ("VDPP would have presented evidence"), BB27-31, BB40-41, BB57-58. This contention is flawed for three reasons.

First, it is irrelevant. At the pleading stage, the question is not what VDPP might show with evidence—it is what VDPP's PAC plausibly alleges. *E.g.*, *Bot M8*, 4 F.4th at 1355. Here, VDPP did not and "could not plausibly allege marking compliance." Appx0002, Appx0006-0008. The district court did not require VDPP

to "produce evidence" (BB28, BB40-41) or "prove compliance" (BB29); it just found the PAC futile. Appx0020-0024, Appx0007-0008. This is all it needed to do. *See* § V.B.2.a, *supra*. Neither the district court nor this Court needs to entertain evolving theories VDPP omitted from its PAC and accompanying arguments. *See Rosenzweig*, 332 F.3d at 865.

Second, VDPP's allegations remain implausible. While VDPP wonders whether its licensees produce a "patented article" (BB29-30), it admits they do (BB25; Appx0289-0291, Appx0309-0311, Appx0676-0678). VDPP never confronts those admissions. To avoid dismissal, VDPP must "offer factual allegations that support a plausible inference" relief is available. *Bot M8*, 4 F.4th at 1355. VDPP's PAC and irrelevant asides do not do so. *See* §§ V.B.1, V.B.2.b, *supra*.

Third, VDPP had the chance to develop evidence. It submitted declarations and other materials in response to Volkswagen's fees motion. *See* § V.B.2.f, *supra*. Nothing prevented VDPP from making these arguments. The court just found them no good. *See, e.g.*, Appx0006, Appx0009.

### i. The district court's dismissal was not a sanction

Finally, VDPP inaccurately assumes the court dismissed VDPP's case as a sanction. *See* BB14-15 ("the sanction of dismissal"), BB35-36 ("dismissal as a sanction"); BB2 ("same conduct"), BB10 (same). It did not. The court dismissed the case because the Complaint and PAC were futile. Appx0020-0024. VDPP conflating

these concepts does not establish error. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 806 n.14 (7th Cir. 2015) (distinguishing sanctions law when "the district court did not dismiss [plaintiff's] claim as a sanction"); *Lane v. Guar. Bank*, 552 F. App'x 934, 937 (11th Cir. 2014) ("The district court dismissed the[] complaint for failure to state a claim under Rule 12(b)(6), not as a punitive sanction.").

### C. The District Court Did Not Abuse Its Discretion in Finding This Case Exceptional Under 35 U.S.C. § 285

An exceptional case under § 285 is "one that stands out from others" with respect to the merits or how it is litigated. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "This case presents both grounds for finding it 'exceptional.'" Appx0008. Not only was VDPP's case substantively weak (*e.g.*, Appx0005-0011), "VDPP's litigation misconduct [was] egregious" (Appx0003). VDPP shows no error in this judgment.

### 1. The District Court Supported Its Findings on Substantive Weakness and Litigation Misconduct

VDPP's case was doomed from the start. As the district court found, VDPP sought "impossible" relief, such as a "permanent injunction" and "future" damages on its expired patent. Appx0005 (citing *Lans*, 252 F.3d at 1328), Appx0089 (§ V.f). It also brought untenable claims of willful and indirect infringement despite giving

Volkswagen no pre-expiry notice. *See* Appx0087-0088 (¶¶ 10-11), Appx0089 (§ V.e-f). All prospective relief was therefore unrecoverable.[4]

Nor could VDPP hope for pre-suit damages. Appx0005-0006. VDPP failed to allege marking compliance in two complaints (Appx0005-0006, Appx0009, Appx0020) and relied on flawed theories trying to do so (*id.*). The reason soon became clear: VDPP executed *eleven* licenses covering the '452 patent, and none required marking. Appx0006-0007, Appx0009; *see generally* Appx1030-1178 (license agreements). One expressly repudiated the obligation. Appx1070 § 6.15. On these facts, VDPP could never obtain relief. *E.g.*, *Lans*, 252 F.3d at 1328; *Arctic Cat II*, 950 F.3d at 864-66 (dismissing pre-suit damages when license "expressly state[d] that [licensee] had no obligation to mark"). Even now, VDPP has not explained how it can dispute the patented articles' marking obligations when *VDPP itself* contends they infringe. BB25. It just resorts to "irrelevant" speculation about its licensees' beliefs to avoid the matter. *See* Appx0009; § V.C.2.b, *supra*.

The district court also took exception to VDPP's and counsel's conduct throughout the case. It found VDPP "lied" about the existence of its eleven case-dispositive licenses. Appx0002; Appx0006 ("This was a lie."). Despite a court order

---

[4] Indirect and willful infringement require, among other things, knowledge of the patent during its term. *See, e.g.*, *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) (willful); *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 764-66 (2011) (indirect). VDPP never alleged Volkswagen knew of the '452 patent before it expired.

to disclose them (Appx0099 ¶ 1(f)), and despite counsel asking the signatory to seven such licenses about them personally (Appx0006), VDPP represented it had none (Appx0006-0007, Appx1019). VDPP disclosed the licenses only after months of prompting from Volkswagen. *See* §§ III.A-C, *supra*. To the court, this meant VDPP either "did not do any meaningful presuit investigation" (because it did not know of the agreements) or "knowingly asserted claims that had no merit" (because it did). Appx0006; *see* Appx0007. When asked to justify this oversight, VDPP submitted a declaration from its president that "did not mention, much less explain, his denial that settlement agreements licensing the [']452 patent existed." Appx0006 (citing Appx1508-1509). VDPP did so despite counsel specifically relying on this denial to avoid fees. *See* Appx1460 (citing Appx1478 ¶ 9).

VDPP's foibles did not end there. "VDPP was so sloppy," the court found, it "made the case even more cumbersome and difficult to handle." Appx0007, Appx0009. VDPP's initial disclosures addressed an unrelated patent. Appx0006, Appx0009. VDPP twice served discovery requests "despite an agreed-upon and court-ordered stay." Appx0009. It initially failed to appear at its Rule 16 conference until Volkswagen alerted counsel. Appx0933-0934 (4:2-5:12). And VDPP misattributed a Toyota facility to Volkswagen, made "obviously incorrect venue allegations," and misquoted Supreme Court caselaw. Appx0006-0007.

The problems did not stop. VDPP claimed its PAC "eliminated" indirect infringement claims (Appx0183; *see* Appx0023), but it did not (Appx0189 ¶ 11). VDPP maintained its "impossible" ask for an injunction and "future" damages. Appx0005, Appx0189-0190 (§ VI.e); *see Lans*, 252 F.3d at 1328. VDPP "offensive[ly]" ignored these red flags after Volkswagen identified them "early in the case." Appx0006-0007. And despite all warnings, VDPP "made repeated settlement demands far less than the costs of defense." Appx0009-0010.

These errors were not isolated in time or topic—they "infected the entire litigation." Appx0004. They caused VDPP's inadequate pre-suit investigation (Appx0006-0007), unclear pleadings (Appx0023), discovery mishaps (Appx0006-0007, Appx0009), flawed post-dismissal briefing (Appx0007-0008), and weak fees objections (Appx0001-0004). VDPP would often make "arguments unsupported by the case law and the record." Appx0006-0007. For example, it "doubled down" on weak arguments and tried to assert a new patent after dismissal. Appx0006-0008.

VDPP's positions were also moving targets. Despite relying solely on an NPE-marking argument during dismissal, VDPP raised new legal, policy, and licensee-intent arguments at the Rule 59 and fees stages. *Compare* Appx0182-0183, *and* Appx0186 (PAC), *with* Appx1275-1280 (Rule 59 motion), *and* Appx1462-1469 (fees opposition). The court rejected all out of hand: the legal arguments as contrary to "[c]lear case law" (Appx0007), the policy arguments as "inconsistent with"

38

§ 287's text (Appx0006), and the licensee-intent arguments as "irrelevant and inconsistent with" VDPP's prior representations (Appx0009).

The court's conclusions were clear. "The entire case was exceptional, from the outset, for reasons that VDPP and its counsel knew." Appx0002. It "never should have been filed." Appx0004. To the court, "[i]t was all frivolous." Appx0002.

This Court affirms § 285 awards for much less. It does so when cases "should not have been brought." *PersonalWeb*, 85 F.4th at 1157. It affirms when parties shift positions, unnecessarily prolong litigation, and submit inaccurate declarations. *Id.* at 1159-60, 1162. It affirms when plaintiffs conduct inadequate pre-suit investigations. *Bayer*, 851 F.3d at 1306-07; *WPEM, LLC v. SOTI Inc.*, 837 F. App'x 773, 774-75 (Fed. Cir. 2020). So too when plaintiffs make settlement demands "far less than the anticipated cost of defense," "delay[] in producing documents," and require deterrence from bringing "similarly weak arguments in the future." *Blackbird*, 944 F.3d at 916-17 (first citing *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1327 (Fed. Cir. 2011); last quoting *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372, 1377-78 (Fed. Cir. 2017)).

The district court made findings on all these fronts. Appx0001-0011. It supported its judgment with ample record and caselaw support. *Id.* Its exceptionality opinion opens with "a partial list" of findings spanning multiple pages before making several more. Appx0005-0010. This Court "give[s] great deference to the district

39

court's exercise of discretion in awarding fees." *PersonalWeb*, 85 F.4th at 1153 (citation omitted). Such deference is warranted here.

### 2. VDPP's Quibbles Do Not Show Error in the District Court's Exceptionality Determination

VDPP challenges the district court's fees ruling with sundry objections. *See* BB18-21, BB31-48, BB50-53. None shows error.

### a. VDPP misstates the legal standard for exceptional cases

VDPP begins by suggesting § 285 applies only to cases brought on "surmise and suspicion." BB18-21 (quoting *Park-In-Theatres, Inc. v. Perkins*, 190 F.2d 137, 143 (9th Cir. 1951)), BB47 (same). This is not the test. Fees are warranted in "exceptional" patent cases. 35 U.S.C. § 285. Exceptional cases simply "stand[] out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane*, 572 U.S. at 554. "Surmise and suspicion" are not required.

Confining § 285 to certain classes of cases resurrects the rigid rules *Octane* rejected. *See id.* at 548, 554-57; *Bayer*, 851 F.3d at 1306 (making this point). Fees assessments instead must "consider[] the totality of the circumstances." *Octane*, 572 U.S. at 554. Indeed, *Octane* quotes *Park-In-Theatres* for this proposition, explaining how fees arise in cases of "unfairness or bad faith in the conduct of the losing party, *or some other equitable consideration of similar force*." *Id.* at 548-49 (emphasis

40

added) (quoting *Park-In-Theatres*, 190 F.2d at 142); *see Bayer*, 851 F.3d at 1306 (encouraging "totality-of-the-circumstances" fee assessments).

### b. VDPP's unjustified reliance on Dr. Karpf confirms VDPP failed to conduct an adequate pre-suit investigation

Turning to the merits, VDPP's main defense is that it was entitled to rely on Dr. Karpf's inaccurate denial of VDPP's critical licenses during discovery. BB31-36; *see* BB5; Appx1478 ¶ 9 (alleging counsel contacted Dr. Karpf while "preparing [VDPP's] Initial Disclosures"). These excuses do not show error.

Instead, VDPP's argument confirms it "fail[ed] to conduct an adequate investigation." Appx0006-0007. When a party fails to uncover its material licenses before filing suit, a district court may grant fees. *See Bayer*, 851 F.3d at 1306-07 (affirming fees when plaintiff did not find "its own easily-obtainable" licenses before suit). VDPP found none of its eleven licenses before suing Volkswagen. Appx0006-0007. It did not even look for them until discovery. BB5; Appx1478 ¶ 9. This Court affirms fee awards for inadequate pre-suit investigations. *See PersonalWeb*, 85 F.4th at 1162; *Thermolife*, 922 F.3d at 1356; *Blackbird*, 944 F.3d at 916; *Bayer*, 851 F.3d at 1306-07. The same result follows here.

Counsel's reliance on Dr. Karpf was also unjustified. Volkswagen told VDPP about its licenses several times before Dr. Karpf denied their existence.[5] It did so by

---

[5] If VDPP recharacterizes this timeline in its reply, the point stands. After Volkswagen told VDPP about its licenses, relying on Dr. Karpf was unwarranted.

letter (Appx0156), motion (Appx0147-0150, Appx0254-0259), and email (*e.g.*, Appx1017-1022). Some licenses were matters of public record. *See* Appx0255-0256 (citing dockets). It was thus unreasonable for VDPP to allege—and counsel to accept—that VDPP "ha[d] no settlement agreements to disclose." Appx1019; Appx1478 ¶ 9 ("We were told there were none."); *see also WPEM*, 837 F. App'x at 774-75. That VDPP was under court order to divulge these agreements makes its failure more acute. Appx0099 ¶ 1(f).

Nor can counsel show error by stating on appeal that Dr. Karpf suffers memory issues. BB32-33. First, as VDPP admits, it never shared this with the district court. BB33. The court could not have abused its discretion on arguments it never heard. *E.g.*, *PersonalWeb*, 85 F.4th at 1157. Second, while this may explain *Dr. Karpf's* statement, it does not justify *counsel's* reliance after Volkswagen's repeated reminders. *See supra*. Third, counsel's new argument undercuts VDPP's thesis. If Dr. Karpf could not recollect facts, counsel was not "entitled to rely" on him. BB31-32. VDPP touts Dr. Karpf as a valuable "technical resource[]" (*see* BB14 (citing Appx1477); Appx1459-1460) but also suggests he has trouble remembering details (BB32). VDPP cannot have it both ways.

In any event, VDPP misunderstands the district court's concern. BB33-34. The court took issue not only with Dr. Karpf's denial, but with his declaration's *silence* about the denial. Appx0006, Appx1508-1509. VDPP calls this missing

testimony duplicative (BB34), but only Dr. Karpf can explain *why* he told counsel

no licenses exist. A simple explanation of forgetfulness would not, as counsel

worries, endanger Dr. Karpf's privacy. BB33. If Dr. Karpf "fail[ed] to understand

[his] obligations" (*id.*), it was counsel's duty to explain them. Zealous advocacy does

not permit counsel to present false information. *See Nix v. Whiteside*, 475 U.S. 157,

168 (1986). And while VDPP claims Volkswagen was not prejudiced by VDPP's

late production of licenses (BB33), the ease with which VDPP found them proves it

should have done so sooner. *Bayer*, 851 F.3d at 1307.

Finally, VDPP claims its conduct served as the basis for "both" dismissal and

fees. BB35-36. It did not. *See* § V.B.2.i, *supra*. The district court dismissed the case

because VDPP's Complaint and PAC were futile. Appx0020-0024. It awarded fees

in part because VDPP disregarded readily available licenses confirming this futility.

Appx0006-0007, Appx0009. This is not error. *See Bayer*, 851 F.3d at 1306-07.

### c.  VDPP's allusions to irrelevant rules do not show error

VDPP engages in extended tangents about inapplicable federal rules, but none

shows error in the district court's § 285 ruling. BB34-36 (discussing Rule 11 but

admitting it is "not at direct issue in this appeal"), BB50-53. For example, it is both

irrelevant and wrong for VDPP to argue Rule 11 permitted counsel to "rel[y] upon

Dr. Karpf's memory regarding [the] settlement agreements." BB34-35 (citing *In re*

*Gillig*, 807 F. Supp. 2d 604, 618-19 (N.D. Tex. 2011)). It is irrelevant because

"sanctionable conduct is not the appropriate benchmark" for exceptionality. *Octane*, 572 U.S. at 555; *see also Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1390 (Fed. Cir. 2017) (reversible error to conflate Rule 11 with § 285). And it is wrong because, as discussed, this reliance was undeserved. *See* § V.C.2.b, *supra*.

VDPP then discusses a hypothetical world where the district court might have erred had it sanctioned VDPP *sua sponte* under *Rule 11*. BB51-53. But the court awarded fees *on Volkswagen's motion* under *§ 285*. Appx0005 (citing Appx0944-0971), Appx0010-0011. Nothing requires Volkswagen to seek Rule 11 sanctions to obtain § 285 fees. BB51-52. Again, Rule 11 is "not the appropriate benchmark" for exceptional cases. *Octane*, 572 U.S. at 555; *Rothschild*, 858 F.3d at 1390.

VDPP's digression into Rule 37 is similarly inapt. BB35-36. VDPP cites no case for its initial disclosure exception to § 285 (BB35), nor is there any. Section 285 analyses must consider the totality of the circumstances. *Octane*, 572 U.S. at 554. This includes conduct during discovery. *E.g.*, *PersonalWeb*, 85 F.4th at 1162 (endorsing consideration of inaccurate declarations for § 285); *In re Rembrandt Techs. LP Pat. Litig.*, 899 F.3d 1254, 1269-72 (Fed. Cir. 2018) (same for spoilation); *Bayer*, 851 F.3d at 1306-07 (same for licenses in "early discovery").

VDPP cites *ClearValue* for the idea that Rule 37 and § 285 are distinct. BB35. That case supports Volkswagen. There, this Court rejected an "attempt to

recharacterize . . . a [lone] discovery violation into a pattern of willful deception perpetrated on the district court throughout the litigation" to sustain a fee award. *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 560 F.3d 1291, 1309 (Fed. Cir. 2009). This case presents the inverse of that scenario. VDPP's discovery offenses formed but a fraction of its overall conduct making *the entire case* exceptional. Appx0001-0010. *ClearValue* represents the nadir of this case.

### d. The district court did not err in criticizing VDPP's pervasive errors and sloppiness

VDPP insists the district court "makes much" of VDPP's misquote of *Rude v. Westcott*, but this overstates the matter. BB38-40. The court cited VDPP's error in one sentence (Appx0006) of a thirteen-paragraph list simply to illustrate an example of the sloppiness pervading VDPP's case. *See* Appx0005-0009.

While VDPP acknowledges the error, it now claims two Circuit courts—including this Court—misquoted *Rude* the same way. BB39-40. They did not. Instead, they correctly quote a district court case (*Tights*) citing *Rude*:

> License fees negotiated in the face of a threat of high litigation costs "may be strongly influenced by a desire to avoid full litigation. *Rude v. Westcott*, 130 U.S. 152, 164 . . . (1888)." *Tights, Inc. v. Kayser-Roth Corp.*, 442 F.Supp. 159 at 166 . . . (M.D.N.C. 1977).

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1164 n.11 (6th Cir. 1978); *Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc.*, 862 F.2d 1564, 1572 (Fed. Cir. 1988) (correctly quoting *Panduit*).

The district court did not overemphasize this mistake. Rather, it saw VDPP's misattribution—like those it makes on appeal—as exemplifying a broader course of carelessness that permeated the litigation and made it "even more cumbersome and difficult to handle." Appx0009; *see* Appx0002-0004, Appx0006-0007. VDPP's sustained inaccuracies left the court unable to take VDPP's factual and legal statements at face value. *See* Appx0003-0004 (disapproving "false declarations"), Appx0006 (rejecting arguments "unsupported by the case law and the record"), Appx0007 (criticizing "[c]ounsel's failure to know the facts and present them accurately"); Appx1530-1532 (chronicling falsehoods). The court did not err by weighing VDPP's extreme inattention in its comprehensive examination of "the unreasonable manner in which the case was litigated." *Octane*, 572 U.S. at 554.

VDPP tries to soften its systemic errors with extraneous points. BB41-42. It nonsensically asserts the case was unexceptional because "Volkswagen was properly served." BB41. But not every nano-iota of a case must be egregious for it to "stand[] out from others." *Octane*, 572 U.S. at 554 (exceptionality may arise from substance "or" conduct). Nor can VDPP claim it "proposed an Amended Complaint that would have cured most, if not all, of the errors in the Original Complaint." BB42. The district court reviewed that PAC and found it futile. *See* § V.B, *supra*.

VDPP alleges (BB14, BB41-42, BB47) Volkswagen did not suffer from its miscues and its infringement case was strong (it was not). *See* Appx0931-0937

46

(2:14-8:8). This overlooks the obvious: VDPP's entire case "never should have been filed." Appx0004. That is the height of prejudice. "No multiplication of proceedings would be more vexatious than one which gave a frivolous claim the appearance of trial-worthy merit." *Gonzalez*, 689 F.3d at 481.

Citing *Realtime*, VDPP claims the district court erroneously considered Volkswagen's "red flag letter" in its exceptionality decision. BB42. VDPP is wrong. Such letters are relevant to a district court's totality analysis. They are neither "sufficient," *Realtime Adaptive Streaming LLC v. Sling TV LLC*, 113 F.4th 1348, 1357-58 (Fed. Cir. 2024), nor necessary, *Thermolife*, 922 F.3d at 1358. But they "can and often should be important to an exceptional-case determination." *Id.* at 1357-58 (affirming fees despite absence of letter); *see also Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1181 (Fed. Cir. 2018) (absence of warning letter militated against fees).

Volkswagen's letter was also nothing like *Realtime*'s "two (conspicuously short) paragraphs [that] were riddled with conclusory statements." *Realtime*, 113 F.4th at 1358. The letter spanned eight single-spaced pages, read like a brief, and stressed *factual* errors the district court found exceptional. Appx0155-0162; Appx0001-0011. It also gave VDPP early reason to doubt its witness and investigate its public licenses. *See* § V.C.2.b, *supra*. VDPP's response neither addressed marking nor "defended its infringement position" (BB42). Appx0164-0165. It just

47

piffled about § 101. *Id.* That VDPP ignored Volkswagen's letter is not chargeable to Volkswagen or the court. BB42. *Realtime* itself confirms "communications between litigants" can "be considered in an exceptionality determination." *Realtime*, 113 F.4th at 1358. The court did not err by considering such communications here.

### e. The district court did not err in finding VDPP's Rule 59 motion improper

Nor did the district court err by finding VDPP's Rule 59 motion flawed. BB37-38, BB40-41. As discussed, such motions are not vehicles for relitigating settled issues and presenting arguments parties could have raised before. *See* § V.B.2.c, *supra*. VDPP's Rule 59 motion did both. It sought reconsideration of the court's futility decision (Appx1274-1275) and raised new arguments VDPP could have presented earlier (Appx1275-1280). This is improper. *E.g.*, *In re Rodriguez*, 695 F.3d 360, 371-72 (5th Cir. 2012); *Templet*, 367 F.3d at 479-80 (rejecting "unexcused failure to present evidence available at the time of [the] judgment"); *Smith*, 393 F.3d at 598; *Vielma*, 218 F.3d at 468-69. The district court did not err in following this law and considering VDPP's request in its fees assessment. *See Bayer*, 851 F.3d at 1307-08 (affirming fee award partly for frivolous motions); *Xiaohua Huang v. Huawei Techs. Co.*, 735 F. App'x 715, 722 (Fed. Cir. 2018) (same).

VDPP's cited case, *Oto*, makes the same point. BB40. There, the Seventh Circuit rejected Rule 59 motions that "did little more than rehash old arguments" and tried to "introduce new evidence that could have been presented earlier." *Oto v.*

*Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). VDPP's Rule 59 motion

does precisely what *Oto* forbids. *Id.*

### f. The district court correctly considered VDPP's nuisance-value settlement demands and other cases

The district court did not abuse its discretion by considering VDPP's twenty-

one '452 patent infringement suits and the speed with which they settled (BB36-37,

BB42-47). Appx0009-0010. As VDPP acknowledges, "the repeated filing of patent

infringement actions for the sole purpose of forcing settlements, with no intention of

testing the merits of one's claims, is relevant to a district court's exceptional case

determination under § 285." BB42-43 (VDPP's emphases removed) (citing *SFA*

*Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015)).

VDPP contends filing numerous suits "by itself" does not evince an improper

motive. BB43.[6] But the district court did not award fees on case numerosity alone.

Numerosity was instead "one indication of exceptionality" among others.

Appx0005-0010. VDPP's cited authority supports this approach. In *Eon-Net*, this

Court affirmed an exceptionality ruling when a plaintiff filed "nearly identical patent

infringement complaints against a plethora of diverse defendants" and made

nuisance-level demands. *Eon-Net*, 653 F.3d at 1326-28; *see also PS Prods. Inc. v.*

*Panther Trading Co.*, 122 F.4th 893, 899-900 (Fed. Cir. 2024) (affirming inference

---

[6] VDPP quotes *SFA*, but the quoted material appears in *Thermolife*, 922 F.3d at 1363.

of bad faith given number of litigations and settlement speed). And in *Thermolife*, this Court endorsed considering prior litigations when they were accompanied by inadequate pre-suit investigations. *Thermolife*, 922 F.3d at 1364. This case shares those concerns. Appx0005-0010.

VDPP wrongly claims its lawsuits involved "sellers of similar products." BB43-44. VDPP asserted the '452 patent against vehicles, baby monitors, video projectors, computer monitors, mobile phones, and video-calling devices. *See* Appx0964-0965 (citing cases); *see also* Appx0006 (citing VDPP's case against video projector). Asserting a patent against such disparate technologies, without explanation from counsel (BB36-37), bears on the § 285 analysis. *See Rothschild*, 858 F.3d at 1389-90 (error to not consider unrelatedness of lawsuits asserting patent); *Eon-Net*, 653 F.3d at 1327 ("diverse defendants").

Nor did VDPP wish to test its case's merits. BB44. It lodged nuisance demands in a doomed case. Appx0004, Appx0008-0010. It is immaterial whether VDPP's OpenAI-citing infringement chart was weak (BB46-47) (it was)—all relief was impossible. Appx0020-0024. VDPP's threat to take a remediless case to trial accentuates, not diminishes, its vexatiousness. *See Gonzalez*, 689 F.3d at 481.

And while patent cases have no theoretical damages floor (BB45), the district court did not err by considering VDPP's miniscule settlement offers in its § 285

analysis.[7] Appx0009-0010 (finding VDPP's offers "far less than the costs of defense"). This Court has endorsed similar inquiries, especially when coupled with other exceptional behavior. *See Thermolife*, 922 F.3d at 1363-64 (no error to weigh "seemingly small" settlements with "evidence of inadequate pre-suit investigation"); *Rothschild*, 858 F.3d at 1389-90 (considering settlement figures "significantly below the average cost of defending an infringement lawsuit"); *Eon-Net*, 653 F.3d at 1327 (affirming exceptionality of $25,000-$75,000 demands versus defense over $600,000). Indeed, VDPP made its last demand after a court found another case with similarly flawed marking claims brought by VDPP's counsel exceptional. *See Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*, No. 3:23-CV-00791-N, 2024 WL 815553, at *1-2 (N.D. Tex. Feb. 27, 2024).

VDPP speculates why some plaintiffs make low offers in general (BB45), but it never submitted evidence defending its low demands *in this case*. *See Rothschild*, 858 F.3d at 1388-90 (affirming vexatiousness finding after rejecting counsel's conclusory statements). VDPP does not challenge the district court's fee calculation (over $207,000) (Appx0004), and it cites data confirming the paucity of its offers relative to trial (*see* BB46). These facts support affirmance. *See Blackbird*, 944 F.3d

---

[7] VDPP criticizes the court for not "discuss[ing] what settlement offer it [wa]s considering" (BB44), but the court knew VDPP's settlement demands fell to $29,000 (*see* Appx0957-0958, Appx0963-0964).

at 916-17 (finding "nuisance value" demands in "a series of decreasing settlement offers" compared to defense of roughly $363,000).

Without authority, VDPP then argues the district court erred by citing sanction orders from prior cases. BB48. But "a court can consider other litigation in imposing sanctions under § 1927." *Clark v. Mortenson*, 93 F. App'x 643, 653 (5th Cir. 2004). And this Court has considered conduct in prior cases when affirming fee awards under both § 285 and § 1927. *See Blackbird*, 944 F.3d at 917 (§ 285); *Julien*, 864 F.2d at 1576 (§ 1927). Here, the district court saw a need to deter future vexatious behavior, just like this Court did in *Blackbird* and *Julien*. *Compare* Appx0010 ("There is a strong need for deterrence, not only of VDPP, but of its counsel."), *with Julien*, 864 F.2d at 1576 ("Counsel's abuse of the judicial process must come to an end."), *and Blackbird*, 944 F.3d at 917 (citing the "need to deter future abusive litigation"). VDPP's failure to acknowledge "what is to be deterred" (BB48) despite the court detailing VDPP's transgressions (*e.g.*, Appx0005-0007) only punctuates the need for deterrence.

### g. None of VDPP's other arguments has merit

None of VDPP's other arguments shows the district court erred. For example, VDPP complains that Volkswagen first raised VDPP's discovery faults in its fees motion (BB41-42), that the court mentioned a '452 patent reexamination (BB47-48), that some defendants use § 285 as a "gotcha" (BB53), and that NPEs are legitimate

(BB61). These remarks give no reason to disturb the "great deference" this Court affords district court fees judgments. *PersonalWeb*, 85 F.4th at 1153 (citation omitted); *Thermolife*, 922 F.3d at 1356.

## D. VDPP Lacks Standing to Challenge the District Court's Sanctions Against Counsel, and Its Arguments Are Forfeited and Wrong

VDPP lastly challenges the district court's § 1927 and inherent power sanctions against counsel. BB53-60. VDPP lacks standing to appeal these sanctions, and counsel cannot do so as a nonparty. VDPP's arguments are also forfeited and unsound. The Court should thus decline to consider these arguments or affirm.

### 1. VDPP, the Sole Appellant, Lacks Standing to Challenge the Sanctions Against Counsel

VDPP lacks standing to challenge the district court's sanctions against counsel.[8] Appx0010-0011. VDPP has not been injured by those rulings. *See Penda Corp. v. United States*, 44 F.3d 967, 971 (Fed. Cir. 1994) ("[A] party is generally not aggrieved by, and thus lacks standing to appeal from, a judgment rendered against a co-party."); *Anthony v. Abbott*, 304 F. App'x 66, 68 (3rd Cir. 2008) (client cannot challenge counsel's sanction); *Est. of Bishop v. Bechtel Power Corp.*, 905 F.2d 1272, 1275-76 (9th Cir. 1990). The Court has no controversy to adjudicate.

---

[8] Volkswagen noted these defects in premerits oppositions. Dkt. 17 at 5-8; Dkt. 27 at 3-10. Volkswagen reurges its position here.

Nor can nonparty Mr. Ramey contest the sanctions. He did not file a notice of appeal "naming [himself] in the caption or body" as a party "taking the appeal" within 30 days of the orders he purports to challenge. Fed. R. App. P. 3(a)(1), (c)(1)(A); Fed. R. App. P. 4(a)(1)(A). VDPP's two timely notices[9] name only "Plaintiff VDPP, LLC" as an appellant. Appx1658, Appx1660. The notices refer to Mr. Ramey only within a nested description of one order "Plaintiff VDPP, LLC" appealed. *Id.* This does not make counsel's intent to appeal objectively clear. *Twenty Mile Joint Venture, PND, Ltd. v. C.I.R.*, 200 F.3d 1268, 1274 (10th Cir. 1999) (Rule 3(c) requires notices make clear "the identity of each party desiring to join the appeal"); *CTC Imps. & Exps. v. Nigerian Petrol. Corp.*, 951 F.2d 573, 575-76 (3d Cir. 1991) (attorney named in description of sanction order did not preserve appeal). All papers VDPP filed in this Court before Volkswagen identified this issue confirmed Mr. Ramey's nonappellant status. *See* Dkt. 6 at 1; Dkt. 7 at 1; Dkt. 8-1 at 1; Dkt. 9-1 at 3; Dkt. 12 at i-ii; Dkt. 15 at i-ii; Dkt. 16-1 at i-ii.

Failing to notice an appeal is an unwaivable jurisdictional defect. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314 (1988); *Gabrielli v. McDonough*, No. 2022-1505, 2024 WL 2968937, at *4-5 (Fed. Cir. June 13, 2024). Other circuit courts facing similar facts lacked jurisdiction to consider sanctioned counsel's

---

[9] Mr. Ramey filed "corrected" notices after his deadlines lapsed. Fed. R. App. P. 4(a)(1)(A), (a)(5)(A)(i). Late notices do not cure jurisdictional defects.

arguments. *See, e.g.*, *Batiste v. Lewis*, 976 F.3d 493, 508-09 (5th Cir. 2020); *Payne v. Univ. of S. Miss.*, 681 F. App'x 384, 387-88 (5th Cir. 2017); *Agee v. Paramount Commc'ns, Inc.*, 114 F.3d 395, 399-400 (2d Cir. 1997); *CTC*, 951 F.2d at 575-76; *Reed v. Great Lakes Cos.*, 330 F.3d 931, 933 (7th Cir. 2003); *Maerki v. Wilson*, 128 F.3d 1005, 1006-08 (6th Cir. 1997).

Nothing VDPP argues alters this analysis. While appealing an order sanctioning *only* counsel may preserve counsel's appeal, *see Garcia v. Wash*, 20 F.3d 608 (5th Cir. 1994), "the same is not true for a judgment that orders both an attorney and his client to pay fees," *Batiste*, 976 F.3d at 509; *see also Maerki*, 128 F.3d at 1007-08; *Agee*, 114 F.3d at 399-400. This case presents the latter scenario. Appx0010-0011. And while courts construe Rule 3 liberally, this just permits collective groupings such as "et al." or "all plaintiffs." Fed. R. App. P. 3(c)(1)(A) & Committee Note to 1993 Amendment; *Gabrielli*, 2024 WL 2968937, at *4-5. It does not permit rewriting "Plaintiff VDPP, LLC" as "Plaintiff VDPP, LLC *and third-party Mr. Ramey*." *Batiste*, 976 F.3d at 509; *Gabrielli*, 2024 WL 2968937, at *4-5.

### 2. VDPP's Sanction Arguments Are Forfeited

VDPP's sanction arguments are also forfeited. While VDPP complains the district court failed to apportion blame and costs between VDPP and counsel (BB21-22, BB53-60), it never presented this argument to the district court. Instead, VDPP generically denied wrongdoing without factual analysis (*see* Appx1472-1473) and

offered irrelevant recitals of Ramey LLP's "mission" (Appx1473). Nothing in VDPP's response separately disputed, for attorney sanction purposes, whether Mr. Ramey (or his colleagues) inadequately investigated VDPP's case, misstated case-dispositive facts, pressed legally unsupported arguments, made sloppy errors, and acted vexatiously. Appx0005-0007. Nor did VDPP dispute allocating liability between claimants or issues. Appx1472-1473. This Court need not hear these new arguments on appeal. *E.g.*, *Fresenius*, 582 F.3d at 1296.

### 3. VDPP Shows No Error in the Sanctions Against Counsel

If the Court reviews counsel's sanctions, it should affirm. VDPP has not shown error in the district court's judgment. *See Morrison*, 939 F.3d at 637.

#### a. The district court did not sanction counsel under § 285

The district court did not, as VDPP suggests, sanction counsel under § 285. BB53-54. The court held VDPP liable under § 285 and sanctioned counsel under § 1927 and its inherent power. Appx0010.

Similarly incorrect is VDPP's claim the court failed to "differentiate between sanctions awarded under different statutes to facilitate review on appeal." *E.g.*, BB56, BB60 (quoting *Vaughan v. Lewisville Indep. Sch. Dist.*, 62 F.4th 199, 207 (5th Cir. 2023)). The court distinguished § 285, which "authorize[d its] award of attorney's fees against [VDPP]," and its "authority to impose sanctions on counsel

for [his] abusive litigation conduct" under § 1927 and its inherent power. Appx0010. The court kept a clean record to facilitate review.

### b. The district court amply supported its § 1927 sanction

VDPP next claims the district court did not find facts showing counsel's "bad faith, improper motive, or reckless disregard of duty" or that he "'unreasonably' and 'vexatiously' extended the litigation." BB56 (quoting *Vaughan*, 62 F.4th at 207); *see* BB21-22, BB58-60. This is untrue.

As discussed, the court made ample findings on each of these dimensions. *See* §§ III.K, V.C.1, *supra*. On bad faith, the court found counsel "lied" about case-dispositive evidence, sought "impossible" relief, and pursued "frivolous" claims despite warnings. Appx0002, Appx0005-0008. For improper motive, it found counsel "made repeated settlement demands far less than the costs of defense" and threw "mud against several walls and hop[ed] some st[uck]." Appx0006, Appx0009-0010. Counsel disregarded his duty by failing to conduct "any meaningful presuit investigation," not locating licenses the court ordered him to disclose, and "fail[ing] to know the facts and present them accurately." *See* Appx0006-0007; Appx0099 ¶ 1(f). Counsel acted unreasonably and vexatiously by maintaining a moribund case and prolonging it with improper post-dismissal filings. Appx0004-0007. And the court found a strong need to deter counsel. Appx0010.

These were but "a partial list" of the court's reasons for sanctions. Appx0007. Any of them support its judgment. *See, e.g.*, *Gonzalez*, 689 F.3d at 480-81 (sanction to "push a meritless claim"); *Ratliff v. Stewart*, 508 F.3d 225, 234-35 (5th Cir. 2007) (§ 1927 sanction for inadequate investigation); *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242, 1246-48 (Fed. Cir. 2003) (§ 1927 sanction for maintaining frivolous case); *W. Heritage Ins. Co. v. Robertson*, 224 F.3d 764 (Table), 2000 WL 992178, at *5 (5th Cir. 2000) (§ 1927 sanction for "frivolous" claim, "keeping alive a meritless action in the hopes of obtaining a nuisance settlement," and "failure to reasonably investigate plaintiff's claim or material[s]"); *In re Shah*, 203 F. App'x 557, 558-59 (5th Cir. 2006) (sanction needed to "deter [litigant's] wrongful conduct"). VDPP's § 1927 arguments address none of these facts. BB58-60.

Nor did the district court fail to "identify sanctionable conduct and distinguish it from [its] reasons for deciding the case on the merits." BB56, BB59 (quoting *Vaughan*, 62 F.4th at 207). The court identified numerous examples of counsel's misconduct and addressed them separately from the merits. *Compare, e.g.*, Appx0001-0007, Appx0008-0011 (chronicling misconduct), *with* Appx0007-0008, Appx0020-0024 (addressing merits). Many examples—including counsel's "lie," inadequate investigation, and nuisance offers—are orthogonal to the merits of dismissal. Appx0005-0009; *see* Appx0002, Appx0004. And where these findings are merits-adjacent, the court distinguished its grounds for dismissal from the

"frivolous," "unreasonable," and "offensive" nature of counsel's misconduct. *See* Appx0002-0004, Appx0006-0009.

### c. The district court properly attributed liability for all Volkswagen's fees to Mr. Ramey

VDPP complains the district court did not specify which conduct supported the § 1927 sanction. BB54. It also faults the court for not explaining why that conduct made counsel jointly and severally liable for *all* Volkswagen's fees. BB56. Both complaints are unfounded.

As explained, the court identified the conduct supporting its § 1927 sanction. *See* § V.D.3.b, *supra*. It also noted "a strong need for deterrence" due to counsel's similar misconduct in other cases. Appx0010. It was not error to do so. *See* § V.C.2.f, *supra*; *see also Clark*, 93 F. App'x at 653 ("[A] court can consider other litigation in imposing sanctions under § 1927."); *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1417-18 (5th Cir. 1994); *Banik v. Ybarra*, 805 F. App'x 266, 269 (5th Cir. 2020).

Nor did the court err by awarding fees under § 285 and § 1927 in the same case. "[Section] 285 does not preclude a district court from separately imposing sanctions or fees under another authority" for the same wrong. *PS Prods.*, 122 F.4th at 897-901 (affirming § 285 award and inherent power sanction on same grounds); *Phonometrics*, 350 F.3d at 1246-48 (affirming § 285 and § 1927 awards). VDPP cites *Dragon* (BB53-54), but there the district court took no issue with "counsel's

manner of litigating." *Dragon Intell. Prop. LLC v. DISH Network LLC*, 101 F.4th 1366, 1373 (Fed. Cir. 2024). The court did so here. *See* Appx0002, Appx0005-0010.

The court also explained why counsel's misconduct justified awarding all Volkswagen's fees. *See* Appx0001-0004. Counsel's misbehavior made "the entire case" frivolous. *Id.*; *see also* § V.C.1, *supra*. It was therefore proper to award fees for the entire litigation—an amount uncontested on appeal. *See, e.g.*, *Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999); *Scheve v. Moody Found.*, 264 F.3d 1141, 2001 WL 822510, at *1 (5th Cir. 2001).

### d. No Fifth Circuit authority discourages assigning § 1927 liability for Mr. Ramey's conduct

Nor can VDPP escape counsel's sanctions by suggesting he sought to "extend existing law." BB55, BB58-60 (quoting *Vaughan*, 62 F.4th at 206). Counsel's sanctions flow from various forms of misconduct. *See* § V.D.3.b, *supra*. VDPP's legal arguments do not upend these findings.

Nor does VDPP explain what law counsel sought to extend. BB55. *Lans*, *Arctic Cat I*, and *Arctic Cat II* resolve this dispute. *See* § V.B, *supra*. VDPP complains *Lans* "concerned a prior licensee" (BB57-58), but so does this case (Appx0006). VDPP admits this. BB25. And while *Arctic Cat I* and *II* ended in summary judgment (BB56-57), those cases confirm no pre-suit damages arise when licenses do not require marking. *See* § V.B, *supra*. Counsel's contention that VDPP, as an NPE, "was not required to comply with § 287" (BB58) runs contrary to these

cases and its own brief. *See* BB40 ("VDPP is required to plead compliance with § 287."); Appx0002, Appx0005-0008; *see* § V.B, *supra*. VDPP cannot escape sanctions just because counsel's arguments might be novel, as "many frivolous arguments are also novel." *Cordova v. Univ. Hosp. & Clinics, Inc.*, 92 F.4th 266, 274 (5th Cir. 2024). VDPP identifies no authority excusing counsel's conduct.

### e. VDPP does not challenge the inherent power sanction

VDPP fails to meaningfully challenge the inherent power sanction. *See* Appx0010. This provides an independent basis to affirm the district court's award.

Inherent power sanctions address conduct amounting to bad faith or abusing the judicial process. *E.g.*, *NASCO*, 894 F.2d at 701; *Sealed Appellant*, 194 F.3d at 671; *Ben E. Keith*, 80 F.4th at 702. "Bad faith" refers to "[d]ishonesty of belief, purpose or motive." *Bad Faith*, BLACK'S LAW DICTIONARY (12th ed. 2024); *see Gate Guard Servs., LP v. Perez*, 792 F.3d 554, 561 n.4 (5th Cir. 2015). The district court found such conduct here. *See* Appx0002-0010; §§ V.C.1, V.D.3.b, *supra*. This Court and the Fifth Circuit have found bad faith on similar facts. *See Eon-Net*, 653 F.3d at 1326-29 (finding "bad faith" where patentee "pursued objectively baseless infringement claims" and "exploit[ed] the high cost to defend complex litigation to extract a nuisance value settlement"); *Terra Partners v. Rabo Agrifinance, Inc.*, 504 F. App'x 288, 290 (5th Cir. 2012) ("Raising a patently frivolous legal argument and

threatening continued meritless litigation is the definition of bad faith.”); *Heritage*, 2000 WL 992178, at *5 (“vexatious,” “frivolous” litigation, “nuisance settlement”).

The district court also found counsel abused the judicial process at least by filing a meritless post-dismissal amendment motion (Appx0006-0007) and lodging fee objections that “fit the classic definition of ‘chutzpah’” (Appx0004). *Moench v. Marquette Transp. Co. Gulf-Inland*, 838 F.3d 586, 595 (5th Cir. 2016) (finding abuse in forcing parties to unnecessarily waste time and effort).

Nothing about this case was normal. Everything VDPP’s counsel touched was riddled with false statements, sloppiness, and tangents apropos to nothing. Unable to confront this reality, VDPP blames everyone else. Counsel’s “lie” was Dr. Karpf’s fault. BB31-32 (quoting Appx0006). Everyone misquotes *Rude*—even this Court. BB39-40. It was Volkswagen who “dr[o]ve up costs” (Appx1455), forced VDPP into voluntary agreements (BB4-5, BB17-18), and “sandbagged” VDPP with its own evidence (BB30). Volkswagen made “this entire appeal” necessary. BB18.

The district court bought none of this. Appx0001-0011. VDPP and counsel “display[ed] some nerve,” it wrote, “in asking th[e] court to relieve [them] of the consequences of [their] own misconduct.” Appx0004. So too with this appeal. If counsel “insist[s] on placing the blame for his conduct anywhere but on himself,” this just “underscores the appropriateness of the[] inherent power sanction[].”

*Deutsch v. Phil's Icehouse, Inc.*, 716 F. App'x 361, 363 (5th Cir. 2018). The court's

inherent power sanction should be affirmed.

## VI.    CONCLUSION

For the foregoing reasons, the Court should affirm.

Dated: February 26, 2025

Respectfully submitted,

/s/ Elliot C. Cook
Elliot C. Cook
Daniel C. Tucker
Joseph M. Schaffner
Taylor L. Stark
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700

*Counsel for Defendant-Appellee*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

1. This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 27 and Federal Circuit Rule 27.

This brief contains 13,855 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Federal Circuit Rule 32.

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6).

This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font, Times New Roman.

<u>/s/ Elliot C. Cook</u>
Elliot C. Cook
*Attorney for Defendant-Appellee*